No. 35,510

James E. Howell, alias Eugene Howell, *Appellant,* v. Milton F. Amrine, Warden of the Kansas State Penitentiary, *Appellee.*

(123 P. 2d 954)

Opinion filed April 1, 1942.

*James E. Howell* was on the briefs *pro se.*

*Jay S. Parker,* attorney general, and *Jay Kyle,* assistant attorney general, were on the briefs for the respondent.

*Per Curiam:* This is an appeal from a judgment of the district court of Leavenworth county which denied appellant's petition for a writ of habeas corpus to be released from the state penitentiary.

Appellant has filed a motion for the appointment of an attorney to represent him in this appeal, which necessitates our examination of the record he has presented for our review. This record shows that defendant is incarcerated in the penitentiary pursuant to a conviction and sentence to a term of imprisonment of not less than twenty nor more than forty years for the crime against nature which is a felony carrying a penalty of not more than ten years' imprisonment. (G. S. 1935, 21-907.) That cause was tried before a jury in the district court of Sedgwick county, which had jurisdiction of the cause and of the defendant. He was there represented by two competent lawyers; he waived arraignment and pleaded not guilty, the trial proceeded regularly, and the jury returned a verdict of guilty as charged.

The record also shows that before sentencing defendant pursuant to the verdict of guilty it was properly shown to the court that theretofore on June 3, 1931, appellant had been convicted and sentenced to a ten years' term of imprisonment for the felonious crime of forgery in the second degree, and was paroled the same day.

It was also shown that in the district court of Sedgwick county, appellant had theretofore been convicted and sentenced to a term of ten to twenty-one years for the crime of robbery in the first degree. On this showing that defendant was an habitual criminal, the court imposed the sentence of twenty to forty years in the penitentiary. Apparently this sentence was imposed pursuant to the amendment to the habitual criminal statute of 1939 (G. S. 1941 Supp. 21-107a), but we are not required to decide whether under that amendment the length of the term twenty to forty years was

correctly calculated or not, for the reason that the record shows the crime for which he was last prosecuted and convicted and for which he is now imprisoned was committed before the amendment of 1939 took effect; and appellant should have been sentenced to life imprisonment under the habitual criminal statute as it then stood. (G. S. 1935, 21-107a.) Consequently the record merely shows that appellant was more leniently dealt with in the district court of Sedgwick county than he deserved; and his application to the district court of Leavenworth county was properly denied, and there is no merit in this appeal. (*In re Petty,* 22 Kan. 477, syl. ¶ 3; 15 Am. Jur. 119; 25 id. 189; 76 A. L. R. Anno., Habeas Corpus, Illegal Sentence, 505.)

Defendant's motion that the court appoint an attorney to represent him is denied and the appeal is dismissed.

Hoch, J., not participating.