No. 35,489

WILLIAM HUGH ENGELS, *Appellant*, v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Appellee*.

(125 P. 2d 379)

Opin-
ion filed May 9, 1942.

' *Wm. Hugh Engels* was on the briefs *pro se.*

*Jay S. Parker,* attorney general, and *Jay Kyle,* assistant attorney general, were on the briefs for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This is an appeal from an order and judgment of Leavenworth county denying the petition of appellant for a writ of habeas corpus.

Under an information filed in the district court of Sedgwick county the petitioner was charged with robbery in the first degree. On the 8th day of December, 1939, the petitioner entered a plea of guilty to the charge, and under the judgment of the court received an indeterminate sentence in the state penitentiary. The petition for a writ of habeas corpus alleges that petitioner is now confined in the penitentiary under a commitment issued pursuant to the judgment. The petition for the writ was dismissed by the district court. On this appeal many errors are assigned.

1. Petitioner contends he was denied his right of a writ of habeas corpus because he was not present at the hearing upon the application for the writ. It is the practice in this state to make a preliminary determination as to the propriety of issuing the writ of habeas corpus. In 25 Am. Jur., 238, Habeas Corpus, § 131, it is stated:

"While habeas corpus is a writ of right, it will not issue as a matter of course or as a mere perfunctory operation upon the filing of the petition; judicial discretion is exercised in its issuance, and such facts must be made to appear to the judge to whom the petition is presented as, in his judgment, prima facie, entitle the petitioner to the writ. The writ need not, therefore, be awarded where it appears upon the showing made by the petitioner that if he were brought into court and the cause of his commitment inquired into, he would be remanded, but only where the application therefor contains allega-

tions which, if true, would authorize the discharge of the person held in custody."

The orderly administration of justice would not be promoted by the presence of the petitioner at the hearing upon the preliminary application for the writ. If, however, the petitioner upon his application for the writ of habeas corpus makes a prima facie showing of wrongful or illegal restraint the writ will issue and the petitioner will be brought before the court or judge issuing the writ as directed by the statute (G. S. 1935, 60-2205).

2. Petitioner contends the information under which he was charged with the crime of robbery in the first degree is insufficient in point of law. Our statute G. S. 1935, 60-2213, provides:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following:

"*Second.* Upon any process issued on and final judgment of a court of competent jurisdiction.

"*Fourth.* Upon a warrant of commitment issued from the district court or any other court of competent jurisdiction upon an indictment or information."

Under the statute the sufficiency of the information cannot be considered upon an application for a writ of habeas corpus. Prohibitory Amendment Cases, 24 Kan. 700, 725; *In re Max Wheatley, Petitioner,* 114 Kan. 747, 220 Pac. 213; Freeman on Judgments, 5th ed., section 1549; *Petition of Semler,* 41 Wis. 517; *Ex parte Tobias Watkins,* 3 Pet. (U. S.) 193, 7 L. Ed. 750.

We may state, however, that we have examined the information and find it clearly sufficient under our statute G. S. 1935, 62-1010.

3. Petitioner asserts that he did not have the aid of counsel and was not informed of his rights as guaranteed by the constitution of the state of Kansas. In our recent case of *Jones v. Amrine,* 154 Kan. 629, 121 P. 2d 263, it was held as stated in the syllabus:

"An accused, who on arraignment on a criminal charge, without counsel and without making request for counsel, personally, understandingly, freely and voluntarily, enters a plea of guilty of the crime charged, thereby waives the right to be represented by counsel." (Syl. ¶ 1.)

From the record before us it is clear the defendant was not denied any right guaranteed to him by the constitution or the laws of the state of Kansas or by the constitution of the United States.

The sixth amendment to the constitution of the United States giving accused in criminal cases right to assistance of counsel applies

only to prosecutions under federal laws. (*Commonwealth v. Smith*, 344 Pa. 41, 24 Atl. 2d 1.) See *Jones v. Amrine*, supra, and cases there cited.

A judgment of a court carries with it the presumption of regularity and cannot lightly be set aside by collateral attack even on habeas corpus.

Finding no error in the record, the judgment must be affirmed. It is so ordered.