No. 35,518

HERBERT BUXTON, *Appellant*, v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Appellee*.

(125 P. 2d 381)

Opinion filed May 9, 1942.

*Herbert Buxton* was on the briefs *pro se.*

*Jay S. Parker,* attorney general, and *Jay Kyle,* assistant attorney general, were on the briefs for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This is an appeal from an order and judgment of the district court of Leavenworth county denying the petition of appellant for a writ of habeas corpus.

From the record presented it appears the defendant was charged, tried and convicted of burglary and larceny in Cowley county. The record recites that when the cause came on for trial the state was represented by the county attorney, the defendant appearing in

person and by H. O. Janicke, his attorney. The jury found the defendant guilty of burglary in the second degree and with larceny in connection with the burglary as charged in the first count of the information. The jury also found defendant guilty of burglary in the second degree as charged in the second count of the information, and also guilty of larceny committed in connection with the burglary. Defendant filed a motion for a new trial. The record recites that the court, "after hearing argument by both plaintiff and defendant, finds that the motion of the defendant should be and is hereby overruled."

The record further recites:

"Thereupon the court finds the defendant should be sentenced to the state penitentiary at Lansing, Kansas, to serve a sentence of not less than five nor more than ten years on the first count of burglary in the second degree and not to exceed five years on the count of larceny contained therein, and to serve a sentence of not less than five years nor more than ten years on the second count of burglary in the second degree and not to exceed five years on the count of larceny contained therein—said two counts to run concurrently.

"Thereupon, the court finds from the evidence and records in this case that the defendant has been previously convicted of a felony and served a sentence in the state penitentiary at Lansing, Kansas."

No appeal was taken from the judgment.

Upon the record as above outlined the petition of appellant for a writ of habeas corpus was denied.

Upon this appeal appellant contends he was entitled to be present at the hearing upon the application for the writ. The point is not well taken. Presence of the prisoner at the hearing on the preliminary application for a writ of habeas corpus is not a right guaranteed the petitioner either by the constitution or laws of this state. Where the petitioner upon his application for a writ of habeas corpus has made a prima facie showing as to the illegality of his restraint, the writ will issue, and the petitioner will then be brought before the court as the statute (G. S. 1935, 60-2205) directs. See *Engels v. Amrine,* ante, p. 385, 125 P. 2d 379 (this day decided).

It is asserted the information is insufficient to charge the crimes of burglary and larceny. The defendant was charged with burglary and with larceny in connection with the burglary under G. S. 1935, 21-524. The information is clearly sufficient under the statute. Moreover, the sufficiency of the information may not be considered in habeas corpus. (*Engels v. Amrine,* supra.)

Petitioner complains that he received two judgments for the same

offense. As set forth above, the trial court found the defendant had previously been convicted and that he had served a sentence in the state penitentiary. There was no error in the judgment. (*Howell v. Amrine*, ante, p. 185, 123 P. 2d 954.)

The petitioner claims that he did not commit the crimes for which he was convicted, and asks that witnesses be subpoenaed so that he may have an opportunity to prove his innocence. Where a person is held in custody under process issued upon any final judgment of a court of competent jurisdiction, the inquiry in habeas corpus is limited to the question: Was the judgment void, or has it been stayed, superseded or otherwise spent its force? No mere errors or irregularities in the proceedings will justify a discharge. (G. S. 1935, 60-2213; *In re Rolfs, Petitioner*, 30 Kan. 758, 1 Pac. 523; *In re Terry*, 71 Kan. 362, 80 Pac. 586.) In such case the guilt or innocence of the party in custody is not an issue to be determined. (*Jones v. Amrine*, 154 Kan. 629, 121 P. 2d 263.) The record discloses the petitioner had a fair trial before a court of competent jurisdiction. No appeal was taken from the judgment and this court has no authority to set it aside.

We have examined other errors assigned and find them without merit.

The judgment is affirmed.