No. 37,354

MIKE SCOTT, *Petitioner,* v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(199 P. 2d 467)

Opinion filed November 13, 1948.

*Charles W. Lowder,* of Kansas City, argued the cause, and was on the briefs for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

THIELE, J.: Mike Scott filed his petition for a writ of habeas corpus to procure his release from the state penitentiary, to which he was sentenced on May 19, 1938, for the crime of murder in the first degree. On petitioner's application, this court appointed Charles W. Lowder, a competent attorney, to represent him in this proceeding, and he has so acted.

In his petition the petitioner sets forth fourteen reasons why he believes his confinement is illegal. Viewed from one angle, all turn upon his contention that he was tried on an information filed by the county attorney of Crawford county and not on an indictment returned by a grand jury. Insofar as that claim is concerned he is not entitled to his release. See *Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894, and numerous cases in which that case has been followed.

We shall, however, treat questions which may be isolated from the question just discussed.

Petitioner's contention he was forced to enter a plea of guilty before forty-eight hours had elapsed following arraignment is not good. The purpose of arraignment was to obtain his plea. There is no statute providing for any waiting period. Further, there is no contention that a copy of the information had not been served upon him before his arraignment. Even had no copy been served, when

he pleaded and went to trial without objection, the failure of the clerk to serve a copy of the information was insufficient ground on which to set aside the verdict (G. S. 1935, 62-1302).

Petitioner's contention that the county attorney, sheriff and trial court forced him to enter a plea of guilty without his knowledge of what was taking place is thoroughly disproved by the affidavits of the trial judge, the then county attorney and the attorney appointed to and who did defend him in the trial court.

Such contention as is made that there are no commitment papers on file in the office of the clerk of the district court of Crawford county and that petitioner is entitled to relief therefor, ignores the fact there is no statutory requirement to that effect. The journal entry in connection with his trial properly discloses his conviction and sentence and satisfies the statutory requirement in effect at the time of his conviction (G. S. 1935, 62-1516).

Neither can any contention that he is entitled to the writ because the journal entry of judgment contained no reference to statutes under which petitioner was tried and convicted be sustained. The present statute making such requirement (G. S. 1947 Supp. 62-1516) was not in effect at the time of petitioner's trial and conviction. See *Lang v. Amrine,* 156 Kan. 382, 133 P. 2d 128; *Kanive v. Hudspeth,* 165 Kan. 658, 198 P. 2d 162; and *Pyle v. Hudspeth,* decided this day (*ante,* p. 62).

A careful examination of the record discloses that petitioner is not entitled to the writ and his prayer therefor is denied.