No. 39,031

JONIE BARRETT, *Petitioner*, v. R. H. HUDSPETH, Warden, Kansas State Penitentiary, and the State of Kansas, et al., *Respondents*.

(258 P. 2d 351)

Opinion filed June 6, 1953.

*Jonie Barrett, pro se,* was on the briefs for the petitioner.

*Harold R. Fatzer,* attorney general, and *Paul E. Wilson,* assistant attorney general, were on the briefs for the respondent.

The opinion of the court was delivered by

HARVEY, C. J.: This is an original proceeding in habeas corpus. The petitioner, an inmate of our state penitentiary, alleges that he is unlawfully and involuntarily held in custody by respondent warden on a journal entry of judgment and commitment issued out of the district court of Douglas county in case No. 4076, which instruments are null and void because he never was served with a warrant for his arrest in that case. More specifically he alleges that he was first arrested on the charges set forth in case No. 4076 at Olathe, in Johnson county, on March 10, 1949, and taken from there to the city jail at Lawrence, in Douglas county, on March 12, then taken to the county jail in Lawrence on March 13 and held in that jail until March 14, on which date he was taken into the county court without a warrant having been served upon him; that on June 13, 1949, he was taken into the district court of Douglas county and caused to plead in case No. 4076 without a warrant being issued or having been served upon him; that the judge of the district court of Douglas county, on June 13, 1949, did sentence him to a term of imprisonment in the Kansas state penitentiary for a term of fifteen years on the charges of burglary and grand larceny in case No. 4076, where he has been held illegally in involuntary servitude in violation of his constitutional rights.

The respondent in his answer and return generally denied the allegations of plaintiff's petition except those later admitted or explained, and alleged the petitioner was, pursuant to his plea of guilty in the district court of Douglas county on the 13th of June, 1949, in case No. 4076, duly and legally convicted of the crime of burglary in the second degree as defined in section 21-520 of our General Statutes and of larceny of property over the value of $20 as described in section 21-533, and that pursuant to that conviction the petitioner was on that date sentenced to be confined at hard labor in the Kansas state penitentiary until discharged according to law, as provided by sections 21-523, 21-534 and 21-107a, of our General Statutes.

Attached to the answer and return was a copy of the information in case No. 4076 in the district court of Douglas county, in which the county attorney charged that

". . . the defendant, Jonie Barrett, then and there being, did then and there willfully, unlawfully and feloniously break into and enter, in the night-time, a building known as the Singer Sewing Machine Company, located at 927 Massachusetts Street in the City of Lawrence, Douglas County, Kansas, with the intent to commit a felony therein, and did take, steal and carry away nine portable Singer Sewing Machines of the value of $805.50, of lawful money of the United States, said portable Sewing Machines belonging to and being the property of the Singer Sewing Machine Company, a Corporation. . . ."

Also, there was set out as an exhibit the journal entry of judgment in case No. 4076, which recites in substance that the case came on for hearing, the state appearing by the county attorney and the defendant appearing in person, and

"Thereupon, the Court inquires of the defendant, Jonie Barrett, if he has any legal counsel and the defendant states in open Court that he has selected Edward T. Riling to represent him and requests the Court to appoint the said Edward T. Riling to represent him in said matter.

"Thereupon, the Court appoints Edward T. Riling to represent the defendant, Jonie Barrett in the above entitled matter.

"Now on this 13th day of June, 1949, the same being one of the regular judicial days of the May, 1949, term of said Court, the above entitled matter comes on for hearing, the State of Kansas appearing by the County Attorney, Robert B. Oyler, and the defendant, Jonie Barrett, appearing in person and by his attorney, Edward T. Riling.

"Thereupon, the defendant is duly arraigned and enters a plea of guilty to the crime of Burglary in the second degree and of larceny of property over the value of $20.00 as charged in the Information and as defined by Sections 21-520 and 21-533 of the G. S. of Kansas for 1935.

"Thereupon, the Court after being duly advised in the premises finds that

the defendant is guilty of burglary in the second degree and of larceny of property over the value of $20.00 as charged in the Information.

"THEREUPON, the Court further finds from the record and other competent evidence and the admission of the defendant in open Court that the defendant, Jonie Barrett, has been convicted and sentenced to penal institutions twice before, once in Oklahoma and once in Kansas, as shown by Exhibit One and Two.

"THEREUPON, the Court inquires of the defendant if he has any legal reason to give at this time why judgment should not be pronounced against him and the defendant answers in the negative.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT on this 13th day of June, 1949, that the defendant, Jonie Barrett, be confined in the Kansas State Penitentiary at Lansing, Kansas, at hard labor, until discharged therefrom according to law, for the crime of burglary in the second degree, in violation of Section 21-520 of the G. S. of Kansas for 1935, the penalty for which is defined by Section 21-523 of the G. S. of Kansas for 1935, and of larceny of property over the value of $20.00, in violation of Section 21-533 of the G. S. of Kansas for 1935, the penalty for which is defined by Section 21-534 of the G. S. of Kansas for 1935; and that said sentences be governed by Section 21-524 of the General Statutes of Kansas for 1935; and it is further ordered that the defendant be confined in said penitentiary as provided by Section 21-107a of the 1947 Supplement to the G. S. of Kansas for 1935, pertaining to third convictions; and that the defendant pay the costs of this action."

Thereafter commitment was issued which followed the language of the judgment and sentence.

Respondent's answer and return also alleged that on the 13th day of June, 1949, the defendant, on his pleas of guilty, was duly and legally convicted in the same court in case No. 4091, in which this petitioner and one Harry Tonini, the defendant, of the crimes of breaking and escaping prison before conviction, as defined by section 21-736 of our statutes; larceny of an automobile, as defined by section 21-533 of our statutes; assault with intent to kill, as defined by section 21-431 of our statutes, and robbery in the first degree, as defined by section 21-527 of the statutes, and that pursuant to the convictions in that case he was duly sentenced to the penitentiary of the state of Kansas, as authorized by our statutes. It was further alleged that the time of those sentences had not expired. Copy of the information, journal entry and sentence and of the commitment in case No. 4091 were attached to the answer, and it was further alleged that the time of the petitioner's imprisonment for those offenses had not expired.

In his reply the petitioner alleged that respondent has confused things by pleading the conviction and sentences in case No. 4091, and argues that it should not have been done because he had said

nothing about it in his petition. We think this point is not well taken. He is seeking a discharge from the custody of the warden, and if there is a valid conviction and sentence in some case other than No. 4076, under which he is being held by respondent, he would not be entitled to a discharge.

As previously noted, his only ground for discharge is that no warrant has ever been served upon him in case No. 4076. While it is difficult to give credence to petitioner's statement that no warrant was ever issued or served upon him in case No. 4076, since the petitioner verified his petition and no evidence has been taken, we shall concede his statement to be correct for the purpose of this decision. It is noticed that he did not complain of the fact that no warrant was issued upon him either in the county court, where unquestionably a preliminary examination was held, nor in the district court when he was called upon to plead after he had been advised by his attorney, named and appointed at his request. By doing so he waived any irregularity prior thereto.

The record clearly shows that the petitioner is not entitled to be released from the custody of the warden of the state penitentiary. The writ prayed for is denied.