No. 40,107

John Curl, *Appellant*, v. Arthur Hoffman, Warden, Kansas State Penitentiary, *Appellee*.

(292 P. 2d 1118)

Opinion filed January 28, 1956.

*John Curl*, pro se.

*Harold R. Fatzer*, attorney general, and *James L. Galle*, assistant attorney general, were on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: John Curl, confined in the state penitentiary on a sen-

tence for robbery in the first degree, filed his application in the district court of Leavenworth county for a writ of habeas corpus to procure his release from custody. The trial court denied the writ and Curl has appealed to this court.

In this court appellant's contentions are that the information must be sworn to by the complaining witness and must allege the elements constituting the offense of robbery in the first degree, and that no sufficient facts were shown in the district court of Cherokee county, where he was tried, that a crime was committed.

If there was error in any of the matters now complained of, it should have been remedied by appeal. Notwithstanding, we shall discuss the petitioner's contentions briefly.

The information upon which petitioner was tried was signed by the county attorney as required by G. S. 1949, 62-802, and fully and adequately set forth the facts constituting the offense of robbery in the first degree as defined by G. S. 1949, 21-527, and as required by G. S. 1949, 62-1004, 1005, 1006 and 1007, and was fully sufficient under 62-1010. There is no statutory or other requirement that in a prosecution for robbery the person robbed must sign the information.

The appellant's complaint that no sufficient facts were shown at his trial that a crime was committed is without merit. At his trial appellant was fully advised as to his rights, waived counsel and entered his plea of guilty. Under the circumstances there was no occasion for the state to introduce evidence to prove the elements of the offense charged in the information.

Examination of the record discloses that the trial court did not err in denying the writ, and its judgment is affirmed.