No. 40,274

JOHN W. DARLING, *Petitioner,* v. ARTHUR HOFFMAN, Warden of the Kansas State Penitentiary, *Respondent.*

(299 P. 2d 594)

Opinion filed June 30, 1956.

*John W. Darling, pro se.*

*Robert J. Roth,* assistant attorney general, argued the cause, and *John Anderson, Jr.,* attorney general, was with him on the brief for the respondent.

The opinion of the court was delivered by

PARKER, J.: The petitioner is confined in the state penitentiary under a judgment and sentence of the district court of Johnson County for the crime of second degree burglary. His conviction, sentence and incarceration followed proceedings in such court where, represented by his own attorney, he induced the state to dismiss a second count of burglary and then pleaded guilty to the first count of burglary charged in the information. He took no appeal from the trial court's judgment and sentence on his plea of guilty but now, after having served a small portion of the sentence

imposed against him under the habitual criminal act of the state, brings this original habeas corpus proceeding in which he claims he is illegally confined in the penitentiary.

Having examined the record and carefully considered contentions advanced by petition as grounds for the issuance of a writ we hold:

1. The count of the information to which the plea of guilty was entered is neither vague nor indefinite and even if it had been (*Engels v. Amrine*, 155 Kan. 385, 125 P. 2d 379; *Buxton v. Amrine*, 155 Kan. 440, 125 P. 2d 381) a complaint of such nature cannot be considered upon application for a writ of habeas corpus.

2. The code of criminal procedure of this state (G. S. 1949, 62-802) neither contemplates nor requires, as petitioner contends, that the information contain a sworn statement of important witnesses or that it be signed by one or more of such witnesses.

3. Where—as here—the record discloses a defendant, before being sentenced, admitted prior convictions of felonies, he cannot be heard to say that his sentence, under the habitual criminal act (G. S. 1949, 21-107a), is invalid because of insufficient evidence (see, e. g., *State v. Graham*, 172 Kan. 627, 629, 630, 242 P. 2d 1067; *Reffitt v. Edmondson*, 177 Kan. 83, 85, 276 P. 2d 341).

4. Moreover, under our decisions (see *Ables v. Amrine*, 155 Kan. 481, 483, 126 P. 2d 231; *Childs v. Amrine*, 155 Kan. 383, 125 P. 2d 349; *Newman v. Hudspeth*, 166 Kan. 244, 199 P. 2d 810; *Reffitt v. Edmondson*, supra) complaints respecting the sufficiency of evidence to sustain a conviction imposed under such statute cannot be reached by habeas corpus in an independent proceeding and can be corrected only in the trial court or by appeal.

5. Except for capital offenses (G. S. 1949, 21-403) the criminal code of this state contains no requirement that the trial court hear evidence in a case after the defendant has entered a plea of guilty to the crime with which he is charged.

6. The record contradicts petitioner's claim that he pleaded guilty without notice and knowledge as to the crime charged against him in the information.

7. A suggestion a copy of the information should have been served upon petitioner at least forty-eight hours before arraignment, as required by G. S. 1949, 62-1302, lacks merit and need not be labored. In the first place he was not charged with a capital offense, hence such section of the statute has no application. In the next, even if he had been entitled to a copy of the information, as

he contends, he waived his right to service thereof by entering a plea of guilty. (See *Crebs v. Hudspeth,* 160 Kan. 650, 657, 164 P. 2d 338; *Kanive v. Hudspeth,* 165 Kan. 658, 660, 198 P. 2d 162; *Scott v. Hudspeth,* 166 Kan. 74, 199 P. 2d 467.)

8. Under our decisions the fact petitioner was sentenced pursuant to the habitual criminal act although he was not charged under its terms does not make his sentence illegal or afford grounds for his release in a habeas corpus proceeding. See, e. g., *Hill v. Hudspeth,* 161 Kan. 376, 382, 168 P. 2d 922; *Rutledge v. Hudspeth,* 169 Kan. 243, 245, 218 P. 2d 241.

9. The judgment rendered is regular on its face and hence (See *Hartman v. Edmondson,* 178 Kan. 164, 166, 283 P. 2d 397, and cases there cited) it is entitled to a presumption of regularity and validity. Therefore, in the face of a journal entry, expressly reciting that the record in the court below shows three prior felony convictions, petitioner's uncorroborated suggestions to the effect that recital is not correct cannot be upheld.

Since the record discloses no sound ground for the issuance of a writ the relief sought by petitioner must be denied.

It is so ordered.

FATZER, J., not participating.