No. 40,537

JONIE BARRETT, *Petitioner*, v. TRACY HAND, Warden, Kansas State Penitentiary, *Respondent.*

(317 P. 2d 412)

Opinion filed November 9, 1957.

*Jonie Barrett, pro se.*

*Fred N. Six,* Assistant Attorney General, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the briefs for the respondent.

The opinion of the court was delivered by

PARKER, C. J.: This is an original habeas corpus proceeding.

The conditions and circumstances under which petitioner is now confined in the state penitentiary under a plea of guilty, in case No. 4076 of the district court of Douglas County, of the crimes of burglary in the second degree and grand larceny and under pleas of guilty, in case No. 4091 of the same district court, of the crimes of breaking and escaping prison before conviction, larceny of an automobile, assault with intent to kill and robbery in the first degree are fully described in the opinion of *Barrett v. Hudspeth,* 174 Kan. 754, 258 P. 2d 351, when he was previously here in a like proceeding, and for that reason need not be repeated.

For all purposes necessary for a decision in the present proceeding it suffices to say that, conceding he entered pleas of guilty as above indicated and is now confined in the state penitentiary under and by authority of the judgments and sentences imposed against him by the district court of Douglas County in cases Nos. 4076 and 4091, petitioner now contends he is illegally restrained of his liberty under a void judgment because, at the time of the entry of such pleas and their acceptance by the trial court, the prosecuting attorney had not endorsed the names of witnesses on the respective informations as required by the provisions of G. S. 1949, 62-802.

Petitioner's contentions the provisions of 62-802, *supra,* are jurisdictional and hence the judgments in question are void lack merit and cannot be upheld. The general rule in jurisdictions having statutes similar to our own, containing provisions to the effect that the prosecuting officer shall endorse the names of the witnesses known to him at the time of filing an information, is that such requirements are directory, that the failure to endorse the names of witnesses is at the most an irregularity and that where no witnesses' names are endorsed on the information, a defendant waives such a defect by pleading to the information. See, e. g., 42 C. J. S., Indictments and Informations, 947 § 85; 23 C. J. S., Criminal Law, 256 § 948 [f]; 2 Wharton's Criminal Procedure [10th Ed.] 1743 § 1285; Joyce On Indictments [2nd Ed.] 717 § 608.

The conclusion just announced, as well as the general rule heretofore stated, finds support in many of our decisions. See *Pyle v. Amrine,* 159 Kan. 458, 474, 156 P. 2d 509, where, with reference to the purpose of the very statute now under consideration, we said the requirement that the names of all persons the state intends to use as witnesses at the trial of one charged with a criminal offense shall be endorsed on the information is a safeguard given the accused so that he will not be surprised at his trial. See, also, *State v. Ruth,* 21 Kan. 583; *The State v. Blackman,* 32 Kan. 615, 5 Pac. 173; *The State v. Osborn,* 54 Kan. 473, 481, 38 Pac. 572, and numerous other decisions of like import cited in West's Kansas Digest, Indictment and Information, § 196[4] and Hatcher's Kansas Digest [Rev. Ed.], Indictment and Information, § 26, where in dealing with provisions of the same statute, which we may add have long been a part of the criminal code of this state (G. S. 1868, Ch. 82, Sec. 67), we have repeatedly said and held that a defect in the verification of an information is waived by pleading to the merits and going

to trial. See, also, *Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147, which holds that where a plea of guilty has been entered there can be no review of the sufficiency of evidence to support the judgment or conviction even on a direct appeal from the judgment. And see *The State v. Cook,* 30 Kan. 82, 1 Pac. 32, holding it is within the discretion of the trial court to permit the name of a witness known to the prosecuting attorney at the time of the filing of the information, to be endorsed thereon after the commencement of the trial, and to permit such witness to testify on the part of the state in a criminal prosecution over defendant's objection.

Having determined the provisions of 62-802, *supra,* are not jurisdictional, we have no difficulty whatsoever in concluding petitioner is not entitled to a writ directing his release from the custody of the respondent. Without attempting to exhaust the field, it may be stated that three sound and sufficient reasons for this conclusion are:

1. Under our statute G. S. 1949, 60-2213, as well as the rule in foreign jurisdictions, the sufficiency of an information cannot be raised or considered in a habeas corpus proceeding. (*Engels v. Amrine,* 155 Kan. 385, 125 P. 2d 379; *Buxton v. Amrine,* 155 Kan. 440, 441, 125 P. 2d 381; *In re Max Wheatley, Petitioner,* 114 Kan. 747, 749, 220 Pac. 213; 39 C. J. S., Habeas Corpus, 462 § 20; 25 Am. Jur., Habeas Corpus, 172 § 40.

2. Under authorities cited earlier in this opinion a defect in the information is waived by entering a plea of guilty to the crime or crimes charged in that pleading.

3. Under the universal rule of this jurisdiction habeas corpus is not a substitute for an appeal and trial errors and irregularities cannot be corrected or reviewed upon a petition for such a writ. (West's Kansas Digest, Habeas Corpus, § 4; Hatcher's Kansas Digest [Rev. Ed.], Habeas Corpus, § 9.)

The writ is denied.