No. 40,966

ROBERT J. CARRIER, *Petitioner*, v. TRACY HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Respondent.*

(327 P. 2d 895)

Opinion filed July 7, 1958.

*Robert J. Carrier*, petitioner, *pro se.*

*John A. Emerson*, Assistant Attorney General, argued the cause, and *John Anderson, Jr.*, Attorney General, was with him on the brief for the respondent.

The opinion of the court was delivered by

PRICE, J.: In this original proceeding in habeas corpus petitioner seeks his release from the state penitentiary in which he is presently confined.

On May 12, 1955, in the district court of Barber County, petitioner, being at the time represented by court-appointed counsel, entered his plea of guilty to the charge of grand larceny (theft of an automobile), and pursuant to G. S. 1949, 21-534, was sentenced to confinement in the state penitentiary for a period of not less than five years and not more than fifteen years.

On the same date his application for a parole was granted and he was placed on parole for a period of two years under certain terms and conditions not here important.

In the spring of 1956 petitioner got into trouble in the state of

Oklahoma and was returned by law-enforcement officers of that state to Barber County.

On April 23, 1956, the district court of Barber County revoked petitioner's parole and directed execution of the sentence previously imposed. Pursuant to this order petitioner was taken to the penitentiary.

Petitioner appears to rely upon three grounds for his release from custody.

The first is that he was unlawfully returned to Kansas by the Oklahoma authorities and therefore the district court of Barber County had no authority to revoke his parole.

There is no merit to this contention. It has been held many times that the jurisdiction of a district court of this state to try a person on a charge of having committed a public offense does not depend upon how he came to be in this state, and the same rule, of course, applies to jurisdiction to revoke a parole. (*Brandt v. Hudspeth,* 162 Kan. 601, 605, 178 P. 2d 224; *Foster v. Hudspeth,* 170 Kan. 338, 224 P. 2d 987, 340 U. S. 940, 95 L. Ed. 678, 71 S. Ct. 503; *Stebens v. Hand,* 182 Kan. 304, 306, 320 P. 2d 790.)

It is next alleged that the information was fatally defective in that it was so vague that petitioner was unable to prepare a proper defense, and that it did not contain the sworn statement of the complaining witness.

This contention is likewise without merit. The information to which petitioner entered his plea of guilty was clearly sufficient under the statute and the rule is well established that habeas corpus does not lie to review nonjurisdictional errors and irregularities leading up to judgment, and that complaints such as this cannot be considered in an application for a writ of habeas corpus. (*Engels v. Amrine,* 155 Kan. 385, 125 P. 2d 379; *Buxton v. Amrine,* 155 Kan. 440, 125 P. 2d 381, 317 U. S. 629, 87 L. Ed. 508, 63 S. Ct. 45; *James v. Amrine,* 157 Kan. 397, 140 P. 2d 362; *Darling v. Hoffman,* 180 Kan. 137, 299 P. 2d 594.)

Finally, it is contended that petitioner's confinement is unlawful for the reason that the state failed to introduce evidence to prove his guilt.

This contention also is without merit. The record shows that petitioner was represented by counsel and was fully advised as to his rights. He entered a plea of guilty to the charge against him, and, under the circumstances, there was no occasion for the state

to introduce evidence to prove the elements of the offense charged in the information. (*Wilson v. Hudspeth,* 166 Kan. 214, 216, 199 P. 2d 776; *Curl v. Hoffman,* 179 Kan. 153, 292 P. 2d 1118.)

It nowhere appears that any of petitioner's rights have been violated. He was represented by counsel and entered a plea of guilty to the charge against him. He was granted a parole. He violated its terms and conditions. The district court of Barber County had jurisdiction and authority to revoke his parole and to order his commitment to the penitentiary to serve the sentence previously imposed. Petitioner has shown no grounds justifying his release from confinement and his application for a writ of habeas corpus is therefore denied.