**Lloyd LOADER, Petitioner,**

v.

**Tracy A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, Respondent.**

**No. 3326.**

United States District Court
D. Kansas.

Sept. 7, 1962.

Lawrence Long (court appointed), Kansas City, Kan., for petitioner.

William M. Ferguson, Atty. Gen., and Park McGee, Ass't Atty. Gen., Topeka, Kan., for respondent.

TEMPLAR, District Judge.

On March 28, 1962, petitioner filed his application for a writ of habeas corpus alleging that he is being unlawfully detained and deprived of his liberty by respondent herein.

The record discloses that on January 21, 1959, following the petitioner's plea of guilty to two charges of unlawfully, feloniously, and wilfully stealing automobiles, the District Court of Reno County, Kansas, sentenced this petitioner to the custody of respondent for a term of not less than five years on both counts, the sentences to run concurrently. No appeal was taken from the proceedings of the District Court of Reno County.

Thereafter, on March 2, 1960, during the petitioner's term of confinement, the petitioner filed an application for a writ of habeas corpus in the District Court of Leavenworth County, Kansas. On March 20, 1962, the petitioner's application was denied.

On August 16, 1962, the petitioner's present application for a writ of habeas corpus was argued and taken under advisement. The petitioner argues here-

in that his sentence was illegal and void because the informations charging the defendant in the District Court of Reno County failed to meet the mandatory requirements of the grand larceny statute in that the values of the automobiles taken were not alleged to be of a value in excess of fifty dollars, and that, therefore, petitioner was deprived of due process of law as provided by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

■ There are at least three reasons why petitioner's application for a writ should be denied. In the first place, the grand larceny statutes, either in G.S. 1949, 21–533 or G.S.1957 Supp. 21–533, are clear in that they make the stealing of "any automobile", without regard to its value, the commission of the offense of grand larceny. In State v. Kagi, 105 Kan. 536, 185 Pac. 62, the wording of the statute was made abundantly clear when a complaint was made that no evidence was offered to show the value of a stolen calf. The Kansas Supreme Court said:

"* * * the larceny of any 'neat cattle' is made a felony without respect to the value of the animal stolen. It was unnecessary for the state to establish that the calf possessed any value, and the only effect of the proof offered by the appellant would have been to confuse the jury upon a matter not involved in the issues." (p. 539, 185 P. p. 63.)

The same reasoning applies to the instant situation. The stealing of any automobile, without regard to its value, under either statute, constituted the offense of grand larceny.

■ The second reason why petitioner's application for a writ should be denied is that the challenging of the sufficiency of an information must be made by appeal, not by habeas corpus. (James v. Amrine, 157 Kan. 397, 399, 140 P.2d 362; Darling v. Hoffman, 180 Kan. 137, 138, 299 P.2d 594; Carrier v. Hand, 183 Kan. 350, 351, 327 P.2d 895; Gray v. Hand, 186 Kan. 668, 669, 352 P.2d 3.) This is the rule in Kansas and as stated by Mr. Justice Brewer in Brown v. New Jersey, 175 U.S. 172, 20 S.Ct. 77, 44 L.Ed. 119:

"The State has full control over the procedure in its courts, both in civil and criminal cases, subject only to the qualification that such procedure must not work a denial of fundamental rights or conflict with specific and applicable provisions of the Federal Constitution."

■ The Court finds that the rule pertaining to the proper challenging of an information is not violative of any of petitioner's fundamental rights guaranteed to him by the United States Constitution.

■ The third reason why petitioner's application for a writ should be denied is found in 28 U.S.C.A. § 2254. This section reads:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

It is apparent from the record that petitioner did not avail himself of the adequate state remedies. He did not appeal from his conviction nor from the denial of the writ of habeas corpus in State court. Nothing further need be said other than that the petitioner has no grounds for release from custody either on the merits or on a procedural basis. The petitioner's application is hereby denied.

The State's attorney will prepare and submit the appropriate order.