Per Curiam.

Petitioner’s first contention is that the trial court did not have jurisdiction.
The Court of Common Pleas is, by Section 2931.03, Revised Code, given original jurisdiction in felony cases. The felony jurisdiction is invoked by the return of a proper indictment by the grand jury of the county. Petitioner, who does not attack the validity of the indictment as such, was properly before the court having jurisdiction of the subject matter, which jurisdiction had been properly invoked by a valid indictment. Petitioner ’s contention in this respect is without merit.
However, petitioner contends that the court lost its jurisdiction by certain claimed irregularities in procedure.
It should be noted here that once the jurisdiction of a court has been properly invoked, as in the present case, by a valid indictment, such jurisdiction is lost only by a proper judicial termination of the case, and the fact that certain procedural irregularities might have occurred does not affect the jurisdiction of the court. 21 Corpus Juris Secundum, 143, Courts, Section 93.
We will, however, examine the various reasons petitioner assigns, which he contends entitle him to release.
Petitioner first contends that there was no proper service of the indictment as provided in Section 2941.49, Revised Code, which reads in part as follows:
“A defendant, without his assent, shall not be arraigned or called on to answer to an indictment until one day has elapsed after receiving or having an opportunity to receive in person or by counsel, a copy of such indictment.”
Claimed defects in the service of an indictment must be made before trial. Smith v. State, 8 Ohio, 295; and Fouts v. State, 8 Ohio St., 98.
*90 The first paragraph of the syllabus in the Fouts case reads as follows:
“In a prosecution for murder in the first degree, an omission on the part of the state to furnish the accused with a true copy of the indictment, at least 12 hours before trial, as provided by the statute, must, to be available, be interposed as an objection before trial; and, if waived then, it cannot be made a ground of error after trial. ’ ’
However, in the present case petitioner’s claim is without foundation since the journal of the court, to which a presumption of regularity attaches, shows that petitioner waived such service. The entries on both indictments read as follows:
“The defendant having been duly served with a copy of the indictment, and upon being arraigned in open court, said indictment having been read to him and having waived the 24-hour service upon him, for plea thereto says that he is guilty as charged in said indictment. ’ ’
There is no requirement under Section 2941.49, Revised Code, that the assent to being arraigned without the lapse of one day after service of the indictment must be in any particular form or be in writing.
.Furthermore, even if such requirement existed, such error would not be available to petitioner. An accused waives his right to service of an indictment by entering a plea of guilty. Darling v. Hoffman, Warden, 180 Kan., 137.
Next, petitioner urges that he is entitled to release because of the failure to file a written waiver of jury trial as required by Section 2945.05, Revised Code.
By his plea of guilty, petitioner admitted all the well pleaded facts in the indictment and waived a trial. Craig v. State, 49 Ohio St., 415; Rodriguez v. Sacks, Warden, 173 Ohio St., 456; and Doughty v. Sacks, Warden, 173 Ohio St., 407.
It is now well established that, where a plea of guilty is entered by an accused, the failure to file a written waiver of jury does not deprive the accused of any of his constitutional rights or the court of jurisdiction. Rodriguez v. Sacks, supra.
Petitioner raises a question relating to the right of speedy trial. He argues that the crime for which one indictment was returned occurred some three years prior to the return of the *91 indictment. Petitioner’s claim in this respect is without foundation. The right to speedy trial arises after one is charged with a crime. In this petitioner has no complaint. He was indicted on October 5 and arrested on October 28 and pleaded guilty on October 29. There was no inordinate delay in his trial.
Petitioner’s final contention is one of the classic and standard complaints of those who are sentenced on a plea of guilty. He claims he was tricked into a plea of guilty by promises by a prosecutor’s investigator. For this we have only petitioner’s uncorroborated statement. Petitioner was not totally unfamiliar with the procedure followed in criminal cases. He had, according to his own exhibit, served at least one term at the London Prison Farm. Undoubtedly he was aware that the question of granting probation could be determined only by the judge.
Assuming, however, that such promises were made, they would be of no avail to the petitioner in this habeas corpus proceeding. Even though a plea of guilty was induced by promises of leniency and threats of other charges by a court official, such fact would not be a ground for relief by habeas corpus. In re Dorsey (Okla. Cr.), 296 P. (2d), 514; and Davis v. Khay, Supt., 256 F. (2d), 617.
The petitioner is claiming nonjurisdictional errors which if available at all would have to be raised on appeal and not by a habeas corpus proceeding.
Petitioner has shown no lack of jurisdiction in the trial court nor any deprivation of his constitutional rights.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taet, Matthias, 0 ’Neill and G-rieeith, JJ., concur.
Herbert, J., not participating.