*In the matter of the Petition of* CHARLES PASCHAL *for a writ of Habeas Corpus.*

### No. 10480.

1. CRIMINAL CASE—*Excessive Sentence—Effect.* Where a prisoner is arraigned on a criminal charge before a court of competent jurisdiction, and pleads guilty thereto, and the court thereupon imposes a sentence to confinement in the penitentiary for a period longer than that authorized by law, but where the court had authority under a charge of a higher grade of the offense to impose the punishment actually adjudged against the prisoner, the judgment and sentence are not void *in toto,* and the prisoner will not be discharged on *habeas corpus* before the expiration of the minimum period of punishment fixed by the statute for the offense actually charged, which the court was required to impose in the case.

2. HABEAS CORPUS—*Relief—Query.* In such a case, whether the prisoner can be relieved on *habeas corpus* from the excess of punishment over that allowed by law, and whether such excess is all of the term over the minimum, or only over the maximum punishment prescribed by the statute, is not determined.

*Original Proceeding in Habeas Corpus.*

APPLICATION by *Charles Paschal* for a writ of *habeas corpus.* The case is stated in the opinion.

*Maher & Holt,* and *W. H. Slavens,* for petitioner.

*F. B. Dawes,* attorney general, for respondent.

The opinion of the court was delivered by

ALLEN, J. : The petitioner was charged by the county attorney of Wyandotte county with burglary and larceny in a dwelling-house in the night-time, and, being arraigned in court, he pleaded guilty to the charge. The court, apparently understanding the charge to be that of burglary in the first degree, sentenced him to confinement and hard labor in the penitentiary for the term of 20 years. The crime in fact charged is bur-

glary in the second degree, and grand larceny committed in a dwelling-house. It is not stated that any human being was in the dwelling-house at the time of the burglary, which is an essential fact to be stated in a charge of burglary in the first degree. Under the charge contained in the information, the defendant was liable to a sentence of imprisonment for the burglary not less than five nor more than 10 years, and for the larceny not less than one nor more than seven years. The minimum punishment that the court was authorized to impose for both offenses was six years, and the maximum punishment was 17 years. It thus appears that the sentence actually pronounced was for a term three years longer than the law authorized. It is contended that the judgment is therefore absolutely void. While there are some authorities that would seem to go to this length, the better rule is that, where the court has jurisdiction of the person of the defendant and the subject-matter of the action, and might in a proper case impose the sentence that it did in fact impose, the judgment is not absolutely void. (*In re Petty*, 22 Kan. 477 ; *In re Dill*, 32 id. 668 ; 9 Am. & Eng. Encyc. of Law, 231.)

That it was error for the district court to render the judgment it did is very clear, but it is not so clear that the error can be corrected under a writ of *habeas corpus*, the defendant being held "upon any process issued on any final judgment of a court of competent jurisdiction." (See § 671 of the Code of Civil Procedure, and *Ex parte Nye*, 8 Kan. 99.) If the court may inquire into the validity of the commitment, and may under a writ of *habeas corpus* relieve the petitioner from the punishment imposed in excess of that authorized by law, then we have to determine what that excess is. Of course all over 17 years, the maximum punish-

ment authorized, is excessive, but whether this court ought to assume that the district court intended the maximum punishment may be a question of serious doubt. If the charge had been in fact burglary in the first degree, as the court evidently understood it, the maximum punishment authorized would have been 21 years for the burglary, and seven years for the larceny, or 28 years in all. The maximum punishment of the offense the court understood to have been committed was therefore not imposed. We can, however, say with certainty that the court intended to impose the minimum sentence at least, of imprisonment for six years. The defendant was charged with and pleaded guilty to crimes for which the court was required under the law to direct his punishment by confinement at hard labor for terms aggregating not less than six years. The judgment in this case was rendered on the 8th day of March, 1890, and six years have not passed since that time. The imprisonment of the petitioner at this time therefore is not shown to be illegal, and we cannot in this proceeding undertake to correct the judgment.

Whether the prisoner can be discharged on *habeas corpus* after he has served out so much of the sentence as the law authorized the court to impose, or not, we are not now called upon to determine.

The petitioner is remanded to the custody of the warden of the penitentiary.

All the Justices concurring.