The State v. Handrub.

---

No. 23,513.

The State of Kansas, *Appellee,* v. John Handrub, *Appellant.*

SYLLABUS BY THE COURT.

1. Statutory Rape—*Preliminary Examination—Completed Entries in Record of Justice of Peace.* Upon a plea in abatement in a trial for a felony the record of a preliminary examination made by the justice of the peace may by leave of court be completed so as to speak the truth by making additional entries therein not inconsistent with the record as previously made.

2. Same—*Preliminary Examination—Nature and Character of Offense Charged.* The defendant must take notice from the evidence on the preliminary examination as well as from the complaint and warrant of the nature and character of the offense charged against him, and where the evidence shows two carnal acts committed upon a female under the age of eighteen years, both may be charged in the information although only one act was alleged in the warrant for arrest.

3. Same — *Negotiations for Settlement — Settlement No Defense to Crime Charged.* After the commission of the offenses charged civil suits to recover damages were brought against the defendant. A settlement was made, and these actions as well as the criminal prosecution instituted were dismissed. Later the present prosecution was begun, and defendant brought other actions against a number of parties to set aside a conveyance made and a mortgage given in the settlement, charging that a conspiracy had been formed to extort money and property from him, using the criminal charge against him to effect their wrongful purposes. At the trial the court refused to allow an extended inquiry as to the settlement made subsequent to the commission of the offenses and as to the civil actions which had been brought. *Held,* the limitations imposed by the court are not grounds for reversal.

4. Same—*Evidence.* Objections to several rulings on the admission of testimony examined and held to be without material error.

5. Same—*Instructions.* Criticisms of the instructions given the jury are found to be without merit.

6. Same—*Evidence Supports Verdict and Judgment.* The evidence examined and held to be sufficient to support the verdict and judgment.

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion filed March 10, 1923. Affirmed.

*John W. Davis,* of Greensburg, and *Samuel Griffin,* of Medicine Lodge, for the appellant.

*Richard J. Hopkins, C. B. Griffith,* attorney-general, and *Riley W. Mac-Gregor,* county attorney, for the appellee; *Adrian S. Houck,* of Medicine Lodge, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: John Handrub was convicted upon a charge of statutory rape committed upon Alice Bayliffe, and from the judgment he has taken an appeal.

When he was arrested and brought before the justice bail was fixed at $1,000, which defendant refused to give, and the examination was continued to a day certain so that appellant could secure counsel. Another continuance was taken during which counsel was employed by defendant, and by agreement still another continuance of a week was taken. There was testimony to the effect that while defendant was in jail and his counsel absent, attorneys in behalf of the state, some of whom had brought civil actions against him for the infant child, and her father negotiated a settlement with Handrub in which he deeded to Bayliffe and his daughter 320 acres of land and executed to the attorneys a promissory note for $6,000, payment of which was secured by a mortgage on other land. It is alleged that this settlement was obtained through threats and intimidations. After the settlement the criminal action was dismissed and also the civil suits that had been brought. The defendant then left the county and went to Solomon, but on May 3, 1920, he was rearrested at the instance of a newly appointed county attorney. A trial was had which resulted in a verdict of guilty on each of the two counts alleged in the information.

Error is assigned on the overruling of a plea in abatement. In the complaint and warrant upon which the preliminary examination was held, it was charged that the offense was committed on June 24, 1918. At the end of the examination the justice of the peace made an incomplete finding stating that an offense had been committed and probable cause shown that the defendant had committed it. The information contained two counts, one charging the commission of an offense on June 24, 1918, and another on July 25, 1918, and the defendant was found guilty on both counts. It is contended by de-

fendant that no preliminary examination was given him on the charge in the second count of the information and therefore his plea in abatement as to that offense should have been sustained. At the trial the court permitted the justice of the peace to amend his transcript and make the record complete. On that examination proof was offered not only to show that an offense was committed in June, 1918, but also that several criminal acts were committed in July, 1918, continuing up to the last of that month, and this was made to appear in the amended transcript. It was competent for the court to permit the amendment so as to make it speak the truth. (*The State v. Geary,* 58 Kan. 502, 49 Pac. 596.) One of the purposes of a preliminary examination is to notify the defendant of the nature and character of the offense for which he is to be tried, and he must take notice from the evidence introduced on the preliminary examination as well as the papers the character of the offenses which he is required to meet. (*The State v. Bailey,* 32 Kan. 83, 3 Pac. 769; *The State v. Fields,* 70 Kan. 391, 78 Pac. 833; *The State v. Pigg,* 80 Kan. 481, 103 Pac. 121.) Under the statute a defendant who has had a preliminary examination upon a criminal charge may be bound over for a different felony where the evidence shows that a different one has been committed. (Crim. Code, § 55; *Redmond v. The State,* 12 Kan. 172; *The State v. Field,* supra.)

Here the evidence produced at the examination showed that defendant had committed an offense in July as well as in June, and from the evidence he had abundant notice of the charge in the second count of the information, and the purpose of the preliminary examination in that respect was subserved. No error was committed in overruling the plea in abatement.

Another assignment is that there was error in the ruling restricting the counsel for defendant in making a statement of his defense to the jury at the opening of the trial. He was stating that he expected to prove that Bayliffe and his attorneys, and also the sheriff, had conspired together to extort money and property from defendant by threats of prosecution and intimidations by reason of the charge of rape. The court held that the facts which counsel were relating would not constitute a defense and ruled that a further statement of them should not be made.

Likewise complaint is made that the court excluded testimony offered to show threats and intimidation, by reason of which the deeds, notes and mortgages named were executed by the defendant

The State v. Handrub.

shortly after his first arrest, and also excluded evidence to show that civil actions had been brought by the defendant to rescind and cancel the deed, mortgage and note and to recover damages from the parties alleged to have committed the fraud upon him in case a rescission, or cancellation could not be awarded. Objection was also sustained to the admission of the pleadings in the civil actions brought to cancel the obligations given in the settlement. Some other evidence touching the transactions involved in the settlement and the grounds for setting it aside was excluded by the court. We think none of these rulings constitute a basis for a reversal. The offenses for which the defendant was placed on trial had been committed months before the transactions of which defendant complains. The criminal acts charged were well sustained by the testimony. The fact, if it was a fact, that he was imposed upon in the settlement and in the execution of the deed and securities could not excuse or expiate a crime previously committed. Anything done towards compromising or compounding the offenses committed would not absolve the defendant or preclude a prosecution by the state. The issues raised in the civil suits as to fraud and conspiracy in the settlement could not be tried out in the criminal action in which the issues were whether the defendant was guilty of rape committed long prior to the time the alleged wrongs against the defendant were perpetrated. The court permitted the introduction of some testimony as to transactions had at the time of the first arrest, and of the settlement, more perhaps than was properly admissible, and this was evidently received on the theory that it tended in some degree to weaken or discredit the testimony of the state that the defendant was guilty of the offense charged. This is shown by an instruction to the jury where the court, after saying that Alice Bayliffe, her father or any of the parties acting in their behalf, could not settle the crime or crimes of rape if any were committed in violation of the criminal laws of the state, and then added:

"However, in weighing the testimony of the said Alice Bayliffe and her father Robinson Bayliffe, and for the purpose of determining their bias and prejudice, if any, and their credibility as witnesses, you have the right to take into consideration all the facts appearing in proof with reference to the bringing of the said suits, the settlements, if any, that were made, and the pendency or final disposition of such suits."

There are a number of complaints as to rulings on the admission of evidence. One is that some of that given was in the form of conclusions, some was not responsive to questions that had been asked,

and also as to questions asked to which no answers were given. We find nothing substantial in any of these claims of error.

Nor was there any error in excluding testimony on the cross-examination as to the financial condition of the father of Alice, since it was not a proper subject of inquiry in the case, and besides, nothing had been brought out in the direct examination on the subject. The same is true as to a ruling on the cross-examination of the witness Rae.

Complaint is also made that the court allowed the prosecution to examine the defendant as to going with Alice to a pasture where she had said that several acts of intercourse had occurred. He had stated that he did not go with her to the pasture after dark, and had objected to going, and when asked the reason why, he replied it was because she was a young girl and did not want to go with her. It is manifest that there is nothing material in the objection.

It came out in the testimony of the defendant that he had had gonorrhea ten or twelve years before the time of the offenses charged, and that he had been unable to and had not had an erection since that time. There was an extended inquiry as to his physical condition and whether he had been examined by a physician as to his weakness. He answered that he had had such an examination, and further, that he was impotent and unable to perform the sexual act. A motion to strike out the evidence was subsequently made, which the court properly overruled. The reason given, which was sufficient, was that the defendant could not go into the matter on the direct examination and avoid a cross-examination on the subject.

Other objections are made as to the exclusion of testimony relating to the alleged conspiracy and also as to the scope of the cross-examination of witnesses, but in them we find no material error.

Complaint is made of instruction thirteen, in which the court among other things said to the jury:

"As to all questions involved, personal injury or damages growing out of the commission of the offense, and as to all questions relating to the support of the begotten child by reason of the commission of such offenses, these and all kindred questions are matters which are subject to settlement by the individuals connected therewith and is commendable on the part of the offender to make reparation or settlement in so far as the same can be done. But as to the criminal element or feature of the offense of rape involved a violation no person is authorized to waive, excuse or set aside the criminal provision of the statute relating thereto. In a prosecution for ravishing a female who was under the age of eighteen years, at such time such as this action is claimed to be, the fact that such female has forgiven the accused, has offered to marry the female

The State v. Handrub.

or that he was prevented from doing so by the interferences of the female's father, or that the accused undertook to make reparation under the civil law or to settle the damages claimed or growing out of the commission of such an offense, will not and does not relieve the accused from the consequences of such a crime."

There is a contention that the court assumed the fact and led the jury to believe that the defendant had attempted to make reparation in this instruction. The language of the instruction does not warrant the contention that is made. Testimony of the character involved in the instruction had been given, and it was proper for the court to advise the jury that if these facts had been established it would not relieve the accused from the consequences of the offense. In other parts of the charge the court had instructed the jury that if it was not satisfied beyond a reasonable doubt that the defendant was not guilty of the offense or offenses charged, they should return a verdict of not guilty. A complaint that the court did not charge the jury more fully as to the alleged conspiracy of certain parties to obtain a settlement and the property of the defendant was not error, as has already been shown. Besides, it may be said that no request was made by the defendant for a fuller instruction relating to the alleged conspiracy.

The sufficiency of the testimony, although challenged strongly, tends to support the verdict of the jury. There was evidence of numerous criminal acts, continuing for at least a year preceding July 25, 1918. Alice testified that such acts occurred two or three times a week, and in fact every time there was an opportunity, at the tent occupied by the defendant near the Bayliffe home, in the pasture near by, and other places. She became pregnant but her parents did not observe her condition until about the time her child was born. She then informed them of her relations with the defendant. When he was informed of the birth of the child and of the statement of Alice that he was its father he remarked that he would go to Bayliffe's and see about it. When he called there he asked Alice "Am I the father of the child?" and upon an affirmative reply he turned to those in the room and said, "If Alice says so." At that time he talked to neighbors who were at the Bayliffe home, but did not deny his guilt, and proposed to settle the matter by a payment of money, remarking that other cases of this kind had been settled with money and he thought a settlement might be made in this case. He took Alice's father to one side and proposed a settlement to him, but the latter said he would not consider it. He also proposed that

he would marry Alice, but her father would not give his consent. He returned the following day and renewed the offer of settlement, and was informed that it could not be made. He then called on Alice, and again inquired of her if he was the father of the child and was again told that he was. At that time he took from his pocket an envelope, threw it upon the bed, and requested that she show the contents of it to her parents. The envelope was opened and was found to contain $100 in currency. He bade her good-bye, stating that he was going to the county seat and before night would be on his way to the penitentiary. When he was arrested and brought before the magistrate he was asked whether he was guilty or not guilty, and his only response was, "They say I am." Subsequently the settlement mentioned was made and the tract of land conveyed by him to Alice and her father. We have no hesitation in saying there was abundant proof to sustain the verdict of the jury, and no material error being found in the proceedings the judgment is affirmed.

HOPKINS, J., not sitting.