No. 25,087.

THE STATE OF KANSAS, *Appellee*, v. JAMES M. TUCKER, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW — *Robbery — Preliminary Examination Waived — Plea in Abatement*. Where an information charges but one offense of robbery in the first degree, and it was merely an elaboration of the charge contained in the original complaint and warrant, and the defendant waived his preliminary examination thereon, the defendant's plea in abatement on account of variance and because he was given no preliminary examination was properly overruled.

2. SAME—*Transcript from Examining Magistrate Sufficient*. When the transcript of the examining magistrate is sufficient to inform the district court as to what proceedings had transpired before him, it is sufficient; and the defendant's objection thereto may properly be overruled.

3. SAME—*Evidence—Demurrer Properly Overruled*. The evidence to prove the defendant's guilt of the crime of robbery in the first degree was sufficient to require its submission to a jury and defendant's demurrer thereto was properly overruled.

4. SAME—*Instructions*. The instructions examined and no error discerned therein.

Appeal from Chautauqua district court; ALLISON T. AYRES, judge. Opinion filed January 12, 1924. Affirmed.

*J. E. Brooks, R. O. Robbins,* both of Sedan, and *H. S. Hines,* of Arkansas City, for the appellant.

*Charles B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, and *Ralph R. Rader,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted of robbery in the first degree, and appeals.

He first assigns error in overruling his plea in abatement which

was based on an alleged variance between the complaint and warrant and the information, and because he had been given no preliminary examination on the charge contained in the information.

The complaint and warrant charged that defendant with willful assault on the person of J. A. Hoel took from him against his will, and by violence to his person, certain coins and bills, lawful money, with felonious intent to rob, etc.

The information was simply a formal elaboration of the recitals of the complaint and warrant. In describing the property taken from Hoel, mention was made of certain bank checks not included in the original complaint; but the defendant was informed against and prosecuted on but one count—the single offense of first degree robbery, which was the identical crime charged in the complaint. It was immaterial to the charge of first degree robbery whether the victim was robbed of ten cents or ten thousand dollars' worth of gold, silver, and diamonds. (Crimes Act, § 116.) If the information had contained two counts, one charging defendant with robbery of Hoel's coins and currency, and another charging him with the robbery of Hoel's bank checks, and neither the complaint and warrant nor the evidence presented at the preliminary examination had given any intimation of defendant's forcible taking of the checks, it might be held that the information contained an added offense on which he had not been given a preliminary examination. (*The State v. Fields,* 70 Kan. 391, 78 Pac. 833.) But against a plea in abatement because of an insufficient preliminary examination, it is enough if the defendant has been given a fair opportunity to know, by a proffered preliminary examination, the general character and outlines of the crime charged against him, and it is not necessary that all the details and technical averments which by the tradition of pleaders is deemed requisite to be included in a formal indictment or information, should be set down in the original complaint and warrant which are the basis of the proceeding before the examining magistrate. (*The State v. Bailey,* 32 Kan. 83, 3 Pac. 769.) In *The State v. Smith,* 13 Kan. 274, 296, it was said:

"To hold that the warrant of a justice should describe the offense as accurately as the information would, in most cases, be to defeat justice. They are generally unlearned in the technicalities of the law, and describe the offense in general terms, while the information is expected to be more exact in its terms, and more full and accurate in its statements."

In the present case, defendant waived a preliminary examination. This waiver gave him no strategical advantage to be invoked by a

The State v. Tucker.

plea in abatement, nor did it handicap the prosecuting attorney in any degree from setting out in detail the facts deemed essential by him in the information, so long as the gist of the offense was not substantially varied nor a new and additional offense added thereto. Defendant's plea in abatement was properly overruled.

It is also contended that the recitals in the transcript of the examining magistrate were lacking in certain details. The transcript narrated the proceedings—the appearance of defendant, his plea of not guilty, his waiver of a preliminary hearing, a finding that a crime had been committed, that defendant was guilty of its commission, and the fixing of a bond for his appearance at the next term of court "to answer to said charge." These recitals considered in connection with the complaint and warrant under which defendant was brought before the magistrate were sufficient to serve their function, which was merely to inform the district court as to what proceedings had transpired before the examining magistrate. (*The State v. Stevens,* 56 Kan. 720, 723, 44 Pac. 992.)

It is next urged that defendant's demurrer to the state's evidence should have been sustained on the ground that it was insufficient to prove the actual robbery. Summarized, the state's evidence tended to show that the victim of the robbery, James Hoel, was going about the country and towards the town of Sedan selling apples from an old motor truck, that defendant demanded Hoel's money, and on Hoel's denial that he had any money and his begging defendant not to molest him, defendant dragged Hoel off the truck, and slugged and robbed him. It was also shown that defendant offered to divide some of the money taken from Hoel's person with a bystanding witness; and when the latter declined to accept it, defendant said: "That's the way I do with the s—s of b——s. They have got to come through with me."

The evidence was quite sufficient to require its submission to the jury and the demurrer was properly overruled.

Error is also based on the instructions to the jury. These cover seven printed pages of the abstract, and the only fault defendant has to find with them is in this excerpt taken from the middle of them—

"And you may find any fact to be proved which you believe may be rightfully and reasonably inferred from all the evidence given in the case."

Read in connection with its context, the criticized excerpt was a correct and proper statement of pertinent law.

The record contains no error and the judgment is affirmed.