No. 26,851.

THE STATE OF KANSAS, *Appellant*, v. ROBERT BLAND, *Appellee*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Preliminary Commitment — Sufficiency of Transcript.* A transcript of the docket of a justice of the peace showing the filing of a complaint, issuance and return of a warrant, appearance of the defendant, that the defendant waived a preliminary examination and entered into a recognizance to appear in the district court to answer the charge against him, is sufficient to confer jurisdiction on the district court, although it omits a recital of a finding that an offense had been committed and that there was probable cause to believe the defendant guilty of its commission.

2. SAME—*Review—Plea in Abatement—Necessity for New Trial.* And where, on a trial on a plea in abatement in the district court, the proceedings outlined in the foregoing syllabus were submitted to the court, the legal effect of such proceedings was one of law and not of fact, and an erroneous decision thereon did not require the filing of a motion for a new trial in order to preserve the question for review.

Appeal from Jefferson district court; MARTIN A. BENDER, judge. Opinion filed April 10, 1926. Reversed.

Criminal Law, 16 C. J. pp. 319 n. 19, 344 n. 85, 414 n. 27; 17 C. J. p. 88 n. 56.

*Charles B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, *Lloyde Morris,* county attorney, and *Oscar Raines,* of Topeka, for the appellant.

*H. T. Phinney* and *H. N. Casebier,* both of Oskaloosa, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: Defendant was arrested charged with grand larceny, waived a preliminary hearing, was bound over to the district court, gave bond for $500, and was discharged in district court on a plea in abatement. The state appeals.

The defendant contends that he was rightfully discharged because the examining magistrate's transcript failed to show a finding had been made that a crime had been committed, and that there was probable cause to believe the defendant was guilty; also, that upon the trial of the plea in abatement an issue of fact was raised and decided in his favor, and that the state is precluded from a review of the question because it failed to file a motion for new trial.

The defendant's contention is untenable. The transcript of the magistrate shows that defendant voluntarily waived a preliminary hearing upon the offense charged in the complaint and warrant (grand larceny). By so doing he precluded the necessity of making inquiry as to whether a crime had been committed, and whether he was probably the guilty party. He gave bond for his appearance in the district court to answer the complaint lodged against him, containing the recital that "it appears that the offense of grand larceny has been committed and there is probable cause to believe the defendant guilty of its commission." If one accused of crime waives his right to a preliminary examination, the magistrate should bind him over to appear in the district court, and should also enter upon his docket the proceedings that actually occur. A duly certified transcript of such record filed in the office of the clerk of the district court invests that court with jurisdiction to try the accused on an information for the crime with which he was accused before the examining magistrate. The complaint, warrant and bond, together with the magistrate's record, showed the offense with which the defendant was charged and gave the district court jurisdiction to try him on the information filed pursuant thereto. The defendant was bound to take notice of all the proceedings before the magistrate, including all that was contained in the complaint and warrant. The transcript set out the crime charged against him, and the bond which he signed for his appearance in district court to answer the com-

plaint recited that the crime of grand larceny had been committed, from which it clearly appears that the defendant had abundant information concerning the nature of the accusation. (*State v. Bailey*, 32 Kan. 83, 3 Pac. 769; *State v. Myers*, 54 Kan. 206, 38 Pac. 296; *Foley v. Ham*, 102 Kan. 66, 169 Pac. 183; *State v. Handrub*, 113 Kan. 12, 213 Pac. 827; *State v. Tucker*, 115 Kan. 203, 222 Pac. 96; *State v. Miner*, ante, p. 187, 243 Pac. 318; *Latimer v. State*, 55 Neb. 609.)

The legal effect of the proceedings before the magistrate, shown on the hearing of the plea in abatement, was one of law and not of fact, and an erroneous decision thereon did not require the filing of a motion for new trial by the state in order to preserve the question for review.

The judgment is reversed and the cause remanded for further proceedings.