No. 34,851

HARRY E. LOFTIS, *Appellant*, v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Appellee*.

(105 P. 2d 890)

Opinion filed October 5, 1940.

*Harry E. Loftis*, of Leavenworth, *pro se*.

*Jay S. Parker*, attorney general, *E. V. Bruce*, assistant attorney general, and *Walter Biddle*, county attorney, for the appellee.

The opinion of the court was delivered by

SMITH, J.: In this case the petitioner filed an application for a writ of habeas corpus in the district court of Leavenworth county. In his application he asked that the warden of the prison at Lansing be directed to set him at liberty. The judge of the district court denied this application. It is not clear as to just what steps the petitioner then took. He filed some documents with the clerk of this court, from which it might be deduced that he attempted to appeal from the judgment of the district court. On the other hand, he makes some statements in his brief, by which it appears that he regards the proceeding in this court as an original application in habeas corpus in which this court has original jurisdiction. There are certain formal requisites with which petitioner has not complied, which afford a sufficient ground for dismissing the present proceedings forthwith. However, this court has noted the fact that the petitioner is confined in the penitentiary, is apparently without funds, and although not a lawyer is acting as his own attorney, and we have concluded to pass over these formal defects and consider the case on the merits of the various points raised by petitioner.

We shall begin the consideration with the points raised by the petitioner in the district court. In the consideration of these pro-

ceedings we are not favored with a transcript of what took place. We do have, however, a statement made by petitioner of what purports to be a verbatim report of a colloquy between the court and the petitioner. This does not rise to the dignity of an official transcript, but we shall give the petitioner the benefit of treating it as such. When the application for a writ of habeas corpus was called for trial by the judge of the district court of Leavenworth county the petitioner asked the court to appoint counsel for him. The trial judge stated that petitioner did not need counsel and proceeded to hear the application, whereupon petitioner represented himself.

In the proceedings in this court petitioner argues that this refusal of the trial court to appoint counsel for him was an error which will require a reversal of the judgment of the trial court. In this respect the proceedings take on the appearance of an appeal. We are aware of the right of one charged with a crime to be represented by counsel. (See Kan. Const., Bill of Rights, § 10; G. S. 1935, 62-1304.) There are two other reasons why the action of the district court, to which other reference has been made, is not sufficient to warrant a reversal of this judgment. In the first place, an examination of the entire record has convinced us that the petitioner did not suffer a substantial injury to his cause because he was represented by himself rather than by a lawyer. Indeed, it appears that the distinguished trial judge himself acted as counsel for petitioner and put the very best light possible upon the arguments petitioner was making as to why he should be released from the penitentiary. In the second place, this court will not reverse a judgment and order a new trial when it appears from the entire record that a new trial would not result in any different judgment than that rendered by the trial court. Furthermore, since this proceeding is being treated as an original proceeding in habeas corpus, as well as an appeal, this court has examined all the records available in its zeal to afford petitioner all the relief to which it appears he is entitled.

We shall pass then to the next point raised by petitioner. This is that he had been put in double jeopardy. When this point was presented to the trial court 'an interrogation by the court brought out the fact that what petitioner had in mind was that he had been given a sentence greater than the law provided. It appears that the petitioner had some right to complain on this point. The petitioner pleaded guilty in the district court of Reno county, Kansas, to a

charge of forgery in the second degree in one count, as defined by G. S. 1935, 21-608. He was sentenced to serve in the penitentiary at Lansing until discharged therefrom by law and the sheriff was ordered to deliver him to the warden of the penitentiary to be confined therein for a term of two to twenty years, or until discharged therefrom according to law. G. S. 1935, 21-608, gives the pertinent definition of forgery in the second degree. G. S. 1935, 21-631, provides that the punishment for forgery in the second degree shall be that the person committing this forgery shall be confined at hard labor for a term of not more than ten years. It will be seen that where defendant had pleaded guilty to one count of forgery in the second degree the minimum sentence in any event should not have been more than one year and the maximum should not have been more than ten, so that from this record it appears that petitioner was given an excessive sentence. It, however, was not a void sentence, neither does the result constitute double jeopardy. The trial court advised the petitioner that the sentence was not void and he was not entitled to his release on account of it, but that it was excessive and advised him that the state could not hold him to serve more than a term of from one to ten years. The court also advised the petitioner at that time that he would not be entitled to an order of release on a writ of habeas corpus unless it should appear that his sentence was absolutely void. In this the trial court was correct. The application for a writ of habeas corpus constituted a collateral attack upon the judgment of the district court of Reno county. The rule is that where the court had jurisdiction of the person of defendant and the subject matter of the action, and might in a proper case impose the sentence that it did in fact impose, the judgment is not absolutely void. (See *In re Paschal, Petitioner,* 56 Kan. 123, 42 Pac. 373.) In the brief filed by the attorney general in this case it is conceded that according to the journal entry in this case the sentence was excessive. The practice of the board of administration is to permit those confined in the penitentiary to appear before it and apply for a parole when they have served their minimum with time off for good behavior. They are not, however, entitled to a release from the penitentiary as a matter of right at that time. The question of whether or not they should be released before they serve their maximum sentence lies in the wise discretion of the board of administration. The petitioner has not served his maximum sentence although he has

served more than his minimum. It would appear, therefore, that he was entitled to appear before the board of administration according to the practice of the board of administration. As to whether or not he would be entitled to his release when he did appear is a matter over which this court has no control and is not a proper matter to be passed on in this proceeding.

The next point urged by petitioner is that his release from the penitentiary should have been ordered by the trial court because he was denied counsel when he pleaded guilty in the district court of Reno county. This point is also stressed in the case when this proceeding is treated as an original application for a writ of habeas corpus. The record shows that the petitioner pleaded guilty in the district court of Reno county and from the colloquy that occurred in the district court of Leavenworth county between petitioner and the trial court it appears that petitioner stated that he asked the jailer for an attorney, and that he asked the sheriff for an attorney, and that he asked the county attorney for an attorney. When the court asked him if he asked the judge of Reno county to appoint an attorney the petitioner stated that he did not. Ordinarily the right of a mature person charged with a crime to be represented by counsel may be waived. In *Johnson v. Zerbst,* 304 U. S. 458, 82 L. Ed. 1461, the court said:

"When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel. If in a habeas corpus hearing, he does meet this burden and convinces the court by a preponderance of evidence that he neither had counsel nor properly waived his constitutional right to counsel, it is the duty of the court to grant the writ." (p. 468.)

We are not able to say that in this case, considering all the record, the petitioner did not intelligently and competently waive his right to counsel, and we are certain that he did not meet the burden of convincing the trial court of Leavenworth county that he had not so waived. It is concluded, therefore, that the petitioner is not entitled to be released from the penitentiary on this ground.

The judgment of the district court of Leavenworth county is affirmed. Insofar as the proceedings are treated as an original application for writ of habeas corpus the writ is denied.