No. 39,718

WILLIS O. TRUE, JR., *Appellant*, v. CHARLES A. EDMONDSON, Warden Kansas State Penitentiary, *Appellee.*

(293 P. 2d 264)

Opinion filed January 28, 1956.

*Willis O. True, Jr.*, was on the briefs *pro se.*

*Harold R. Fatzer*, Attorney General, and *James L. Galle*, Assistant Attorney General, were on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: Petitioner, Willis O. True, Jr., presently confined in the state penitentiary, has appealed from an order of the district court of Leavenworth County denying his application for a writ of habeas corpus.

Ordinarily we would be justified in dismissing the appeal for failure to comply with rules pertaining to the filing of abstracts and briefs. However, as petitioner is confined, and is not represented by counsel, we will consider the appeal on such record as there is before us. That record discloses the following:

On November 27, 1950, while confined in the county jail of Cowley County awaiting trial on a charge of forgery, petitioner broke jail, and in so doing committed a felonious assault upon one Henson. He was shortly apprehended.

On December 1, 1950, an information was filed charging him with the offense of forgery in the fourth degree (G. S. 1949, 21-620). The offense was alleged to have occurred on November 3, 1950. On December 1, 1950, he entered his plea of guilty to such charge and was sentenced to confinement in the penitentiary for a period of not

to exceed five years (G. S. 1949, 21-631). These proceedings were in case No. 5234.

On December 5, 1950, an information was filed charging petitioner with the offense of felonious assault upon one Henson (G. S. 1949, 21-434). This offense was alleged to have occurred on November 27, 1950. On December 6, 1950, petitioner entered his plea of guilty to this charge and was sentenced to confinement in the penitentiary for a period of not to exceed five years (G. S. 1949, 21-434). These proceedings were had in case No. 5238.

On December 5, 1950, an information was filed charging petitioner with the offense of jail breaking (G. S. 1949, 21-736). The offense was alleged to have occurred on November 27, 1950. On December 18, 1950, petitioner entered his plea of guilty to this charge and was notified in writing that on December 21, 1950, evidence would be introduced to establish that petitioner was an habitual criminal and should be sentenced accordingly. On the date mentioned the court, having before it the convictions in the two previously mentioned cases, sentenced petitioner to confinement in the penitentiary for a period of fifteen years, under the provisions of G. S. 1949, 21-107a, which provides that every person convicted a third time of felony shall be confined in the penitentiary for a period of not less than fifteen years. These proceedings were had in case No. 5236.

Petitioner's contentions as to why he believes himself entitled to release from custody are somewhat confusing, but, if we understand them correctly, he concedes that he has been convicted of two felonies, but not three, and he claims that the fifteen-year sentence in case No. 5236 is utterly void.

As we read this record, the question of the correctness and propriety of the fifteen-year sentence in case No. 5236 is not presently before us. The record shows that petitioner was sentenced to confinement for not to exceed five years on the fourth degree forgery charge in case No. 5234. He states that he has completed that sentence. It may be that he has, but, in any event, of a certainty he has not completed the sentence of not to exceed five years on the conviction of felonious assault in case No. 5238. Such being the case, he is not now entitled to release from custody, and it therefore follows that the judgment of the lower court must be and the same is affirmed.