State of Kansas, *Appellant*, v. Jimmy McGaugh, *Appellee*.

No. 40,532

State of Kansas, *Appellant*, v. Richard Moherman, *Appellee*.

No. 40,533

State of Kansas, *Appellant*, v. Wayne Leach, *Appellee*.

No. 40,534

State of Kansas, *Appellant*, v. Scott Moherman, *Appellee*.

(308 P. 2d 85)

Opinion
filed March 9, 1957.

*Myron S. Steere*, Special Prosecutor, of Ottawa, argued the cause, and *John Anderson, Jr.*, Attorney General, *Paul Wilson*, Assistant Attorney General, and *Donald L. White*, County Attorney, were with him on the briefs for the appellants.

*John B. Pierson*, of Ottawa, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: These consolidated cases arise out of attempted prosecutions for violations of G. S. 1949, 32-143, and are appeals by the state from orders quashing the complaints on the ground they fail to state a public offense. The question in each case is the same, and our discussion and decision in one apply to and govern the others. We confine ourselves to case No. 40,531.

In that case defendant was charged in the county court of Franklin County as follows, omitting the verification:

"STATE OF KANSAS, FRANKLIN COUNTY: ss.

"Floyd Moldenhauer, of lawful age, being first duly sworn upon his oath, says: That he is in possession of certain premises known as the Moldenhauer Ranch and is presently farming the same and is the duly authorized agent of Albert Moldenhauer, the owner thereof; that on or about the 9th day of June, 1956, at the County of Franklin and within the State of Kansas, the defendant, Jimmy McGaugh, then and there being, did then and there willfully and unlawfully enter and loiter upon the premises known as the Moldenhauer Ranch without written permission, contrary to and in violation of the statute in such cases made and provided and against the peace and dignity of the State of Kansas.                    /s/ Floyd Moldenhauer"

Following conviction, and being adjudged to pay a fine of $50 and costs, defendant appealed to the district court. In that court he moved to quash the complaint on the ground it did not state a public offense under the aforementioned statute. This motion was sustained and defendant was discharged, from which ruling the state has appealed, assigning the ruling as error.

G. S. 1949, 32-143, reads:

"That it shall be unlawful for any person to enter upon the premises of another person and fish or hunt or loiter, or kill or wound any bird or domestic

or wild animal or fowl thereon, without the permission of the owner or person in the lawful possession thereof having been first obtained in writing so to do."

G. S. 1949, 32-144, sets out the penalty for violation of the above section, and it reads:

"That any person violating any of the provisions of Laws of 1907, chapter 195, section 1 [32-143], shall be guilty of a misdemeanor, and upon conviction thereof, shall be fined in a sum not less than five dollars nor more than one hundred dollars, or by imprisonment in the county jail not exceeding thirty days or by both such fine and imprisonment; and the fact that any person is found in possession of a gun or any kind of fire arm, upon the enclosed premises of another, without first obtaining the consent, in writing, of the owner thereof, or the person lawfully in possession thereof, shall be prima facie evidence of guilt: *Provided,* That no prosecution shall be had under this act, except upon complaint of the owner of the premises, his agent, or one in lawful possession of said premises."

It is readily apparent the complaint charges an offense in the language of G. S. 1949, 32-143, and also that it was made and signed by a person authorized so to do under G. S. 1949, 32-144.

For what light it may throw on the question involved, we mention briefly the legislative history of the two statutes in question.

G. S. 1949, 32-143, was enacted in 1907 and appears as section 1, chapter 195, Laws of 1907. Section 2 of chapter 195, provides a penalty for violation of section 1 of the act. These two sections appear as sections 3900 and 3901, respectively, in chapter 47, Game and Fish, in the General Statutes of 1909.

In 1915 the penalty section (section 2, chapter 195, Laws of 1907; section 3901, General Statutes of 1909) was amended by section 1, chapter 248, Laws of 1915, and such penalty section appears as 32-144 in the Revised Statutes of 1923, the General Statutes of 1935, and in G. S. 1949.

Notwithstanding that the sections involved were enacted in 1907 (amended in 1915) as a separate and distinct act, they appear in chapter 32, Fish and Game, in the Revised Statutes of 1923, and in chapter 32, Forestry, Fish and Game, in both the General Statutes of 1935 and 1949.

In support of his contention the complaint in question fails to state a public offense, defendant argues that the state cannot single out one portion of the forestry, fish and game laws and thereby make it a trespass statute, and that the only reason the word "loiter" is contained in the statute (G. S. 1949, 32-143) is to cover a situation where one might be violating the forestry, fish and game laws by

being upon another's property, and although not actually being in the process of fishing or hunting, was there for that purpose.

In other words, it is argued that the evil sought to be prohibited by the statute is not solely that of trespass, and that if defendant's contention not be sustained it would be possible for a man to observe his neighbor, with whom he happened to be unfriendly, standing or "loitering" around in his backyard without written permission and have him arrested and convicted of a public offense.

On the other hand, the state contends that a mere reading of the two sections indicates clearly that the intention of the legislature was to protect the farmer and his lands and not the fish and game thereon, otherwise it would not have required the written permission of the owner or person in lawful possession, and would not have required the complaint to be made by the owner, his agent, or the one in lawful possession of the premises, as a condition precedent to a prosecution under the act.

In passing, it is to be noted that G. S. 1949, 32-136, provides penalties for violations of various provisions of the forestry, fish and game laws, and that G. S. 1949, 32-140, provides for enforcement by certain officials, whereas the section with which we are dealing (G. S. 1949, 32-144) restricts enforcement for violation of G. S. 1949, 32-143, and in reality places it exclusively in the hands of the landowner, his agent, or the one in lawful possession of the premises.

Irrespective of the fact the two sections under consideration appear in the statute book with other sections dealing with the subject of forestry, fish and game, we think we would not be justified in giving them the strained interpretation sought by defendant.

G. S. 1949, 32-143, states in plain and simple language that it shall be unlawful for any person to enter upon the premises of another and fish or hunt *or loiter*, or kill or wound any bird or domestic or wild animal or fowl thereon, without the written permission of the owner or person in the lawful possession thereof. The complaint charges the offense in the language of the statute, which is proper. (*State v. Rafferty*, 145 Kan. 795, 803, 67 P. 2d 1111; *State v. Eason*, 163 Kan. 763, 764, 186 P. 2d 269; *State v. Ashton*, 175 Kan. 164, 173, 262 P. 2d 123.) The word "loiter" has a well-established and understood meaning. (*City of Olathe v. Lauck*, 156 Kan. 637, 640, 135 P. 2d 549.) The statute, by the use of the word "or", reads in the disjunctive, and the word is to be given its ordinary meaning—not that of "and". (*Davis v. Vermillion*, 173 Kan. 508, 249 P. 2d 625.) Con-

ceding the rule to be that criminal statutes are to be strictly construed (*State v. Waite*, 156 Kan. 143, 131 P. 2d 708, 148 A. L. R. 874), the trouble, from defendant's standpoint, is that where, as here, the language of a penal statute is plain and unambiguous, and conveys a clear and definite meaning, all well-recognized authorities hold there is no occasion for resorting to the rule, and that even in those cases where it is invoked its application does not justify disregard of clear and manifest legislative intent. (*State v. Brown*, 173 Kan. 166, 171, 244 P. 2d 1190.)

On the trial of this case it may develop the evidence will establish that the alleged unlawful entering and loitering by defendant were committed in connection with an attempt by him to fish or hunt on the premises, such circumstance, under defendant's contention, being the only one under which prosecution could be maintained. Here, however, we are not concerned with what the evidence may establish. Our consideration is limited to the sufficiency of the complaint to state a public offense under the statute, and in our opinion it does.

The judgment quashing the complaint is therefore reversed.