No. 40,857

Roy Ramsey, *Appellant,* v. Tracy Hand, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee.*

(327 P. 2d 1080)

Opinion filed July 7, 1958.

Appellant was on the briefs *pro se.*

*Charles N. Henson, Jr.,* assistant attorney general, argued the cause, and *John Anderson, Jr.,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal from the judgment of the trial court denying petitioner's application for a writ of habeas corpus and remanding petitioner to the custody of respondent.

The petitioner contended in the court below that he is being unlawfully restrained, held in involuntary servitude and deprived of his liberty because "of case records denying . . . equal protection . . . and . . . due process of law" under Kan-

sas statutes and the fourteenth amendment of the constitution of the United States. The records referred to are in case No. 3443 (*State of Kansas v. Roy Ramsey*) issued by the district court of Crawford county, sitting at Pittsburg. Petitioner seeks immediate release.

Respondent in his answer and return generally denied the allegations of the petition. He admitted petitioner's confinement in the state penitentiary but denied that it violated the state statutes or constitution, or the constitution of the United States. The answer further alleged: The confinement was pursuant to a conviction of first degree murder and sentence to life imprisonment by the Crawford county district court on October 16, 1948; petitioner had entered a plea of guilty to first degree murder; that after being offered appointment of counsel, he had executed a waiver before the clerk of that court stating that he did not wish counsel appointed; that petitioner is further restrained, pursuant to a conviction on October 25, 1948, of first degree burglary and grand larceny and a sentence by the Douglas county district court, which is to run concurrently with that of the Crawford county district court, wherein petitioner, who was represented by court-appointed counsel, waived any right to a preliminary hearing, waived arraignment, and entered a plea of guilty to the charges of first degree burglary and grand larceny. Neither of the sentences has expired or been commuted by the governor and petitioner is not entitled to be released from confinement. The informations, journal entries, and commitments were attached to the return.

While the information forwarded to the record clerk at the penitentiary did not contain the names of witnesses for the state, the clerk of the Crawford county district court made an affidavit that the names of five witnesses for the state were on the information filed therein.

At a hearing where petitioner was present and the state was represented by an assistant attorney general, the petitioner introduced evidence and at the conclusion thereof the trial court dissolved the theretofore issued writ of habeas corpus and remanded petitioner to the custody of respondent. Hence this appeal by petitioner.

On February 22, 1958, a *nunc pro tunc* order was entered by the Crawford county district court showing that through an oversight or omission certain findings were omitted from the original journal

entry wherein the court found that it would not have been to petitioner's advantage to have had court-appointed counsel over his objection, pursuant to G. S. 1949, 62-1304. The original journal entry was corrected by the following being inserted therein and made a part thereof:

"The Court also finds that the appointment of counsel by the court over defendant Roy Ramsey's written waiver and objection would not be to his, the said Roy Ramsey's advantage."

Petitioner first complains that the information could not be filed and the trial court did not possess jurisdiction to accept the plea or impose sentence because he had not been afforded a preliminary hearing but the record shows that a complaint and warrant were filed in the city court of Pittsburg and that on October 16, 1948, petitioner in open court waived preliminary hearing and was resultingly ordered held for trial in the district court. When this record was filed in the district court, petitioner could not then, and certainly cannot now, be heard to contend that he had not been afforded a preliminary hearing. (*State v. Myers,* 54 Kan. 206, 38 Pac. 296; *State v. Bland,* 120 Kan. 754, 244 Pac. 860; *State v. Aspinwall,* 173 Kan. 699, 252 P. 2d 841; *Plasters v. Hoffman,* 180 Kan. 559, 560, 305 P. 2d 858.)

The record does not support petitioner's next contention that he did not understand he was entitled to a preliminary hearing and he pled guilty to the information because he believed the court had jurisdiction. The Crawford county district court did have jurisdiction as is shown by the above authorities.

Petitioner contends the information did not bear the names of the state's witnesses but that was shown not to be correct in view of the affidavit of the Crawford county district court clerk to the effect that the names of such witnesses did appear on the information on file in that office. (See, also, *Barrett v. Hand,* 181 Kan. 916, 317 P. 2d 412.)

Petitioner complains others were also charged in the information but he was the only one tried. Albeit true, any one or all could be convicted or acquitted (G. S. 1949, 62-1015) or they could be tried jointly or severally. (*State v. Sterns,* 28 Kan. 154, 158.)

A contention is made that the journal entry did not contain any designated applicable statute but that will not justify a release on a writ of habeas corpus. The journal entry is merely incomplete and may be remedied. (*Wilson v. Hudspeth,* 165 Kan. 666, 668,

669, 198 P. 2d 165; *Reffitt v. Edmondson,* 177 Kan. 83, 86, 276 P. 2d 341.) If petitioner by his plea has in mind reference to the sufficiency of the information, that defect was waived by his plea of guilty, and further, such a defect cannot be raised or considered in a habeas corpus proceeding. (*Barrett v. Hand,* supra, p. 918.)

The next two assignments of error are not supported by the record and petitioner's uncorroborated statements in regard thereto are not sufficient to justify the issuance of the writ. (*May v. Hoffman,* 179 Kan. 149, 153, 293 P. 2d 265.) In addition, no introduction of evidence was necessary after petitioner entered his plea of guilty. (*Curl v. Hoffman,* 179 Kan. 153, 154, 292 P. 2d 1118.)

The last contention is that petitioner was not served with a copy of the information forty-eight hours prior to trial under G. S. 1949, 62-1302, but the record does not invoke the application of that statute, which is well discussed and applied in the case of *State v. Applegate,* 180 Kan. 186, 303 P. 2d 148. (See, also, *Darling v. Hoffman,* 180 Kan. 137, 138, 139, 299 P. 2d 594.)

In any event the petitioner has another sentence to serve for the commission of first degree burglary and grand larceny, and under our rules he is not entitled to a writ of habeas corpus at this time. (*May v. Hoffman,* supra, p. 153.) Many of his contentions could have been raised on a timely appeal but habeas corpus is no substitute therefor. (*Ferguson v. Hoffman,* 180 Kan. 139, 141, 299 P. 2d 596.)

Judgment affirmed.