No. 41,871

R. D. ROBERSON, *Appellant*, v. TRACY A. HAND, Warden, Kansas State Penitentiary, *Appellee*.

(352 P. 2d 956)

Opinion filed June 11, 1960.

Appellant was on the brief *pro se*.

*J. Richard Foth*, assistant attorney general, argued the cause, and *John Anderson, Jr.*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the trial court's judgment denying appellant's petition seeking the issuance of a writ of habeas corpus.

In two counts of an information filed in the district court of Saline county appellant was properly charged with rape of a female child, under the age of eighteen years (G. S. 1949, 21-424) and with robbery in the first degree (G. S. 1949, 21-527). He was tried and convicted as charged by the jury. Appellant's counsel filed a motion for new trial which, after hearing thereon, was overruled and appellant was sentenced to an indeterminate period of not less than one year nor more than twenty-one years for the commission

of the crime of statutory rape, and to an indeterminate term of not less than ten years nor more than twenty-one years for the commission of the crime of first degree robbery. These sentences were ordered to run concurrently.

Appellant petitioned the district court of Leavenworth county seeking the issuance of a writ of habeas corpus wherein he briefly summarized the above statements. The trial court denied appellant the relief he sought by his petition and hence this appeal.

Appellant's complaint of error attacks the sufficiency of the first count of the information in that he contends it fails to specify whether he was charged with statutory rape or forcible rape, and that the verdict of the jury, while correct, did not cure the defect in the charge set out in the first count of the information. The verdict reads:

"We the jury impaneled and sworn in the above entitled case, do upon our oaths find the defendant guilty of statutory rape as charged in Count I of the Information."

Appellant further complains that since the first count is so erroneous, the whole conviction and sentence must fall because the sentences were ordered to run concurrently. He relies on *State v. Ross,* 152 Kan. 495, 105 P. 2d 879, and *State v. Perkins,* 156 Kan. 323, 133 P. 2d 160, but those cases contain situations and questions entirely dissimilar to this case and it would be a misapplication of the rules therein to determine the issues raised here by appellant.

In addition, there are more recent cases which show that appellant's contentions cannot have any merit. Appellant entered a plea of not guilty at the time of arraignment, counsel was appointed for him by the court and he accepted such counsel, who then proceeded to represent him throughout his jury trial. Appellant cannot now be heard to complain of infirmities, if any there may have been, in the information and this is especially true in a habeas corpus proceeding. (*Thomas v. Hand,* 184 Kan. 485, 486, 337 P. 2d 651.) If any doubt remains that this is not sufficient to dispose of the question on the information, appellant cannot prevail on his contention because it is a well-established rule that where a complaint or information charges the offense in the language of the statute, that is proper (*State v. McGaugh,* 180 Kan. 850, 853, 308 P. 2d 85) and this information is definitely good because the identical language of the statute was stated therein.

Appellant's final contention that the first degree robbery sentence became merged in the sentence for the commission of rape is

indeed unmeritorious and so long as the first degree robbery sentence is being served, under our rules appellant cannot be entitled to or obtain a writ of habeas corpus. (*Ramsey v. Hand,* 183 Kan. 307, 310, 327 P. 2d 1080.)

Appellant has failed to show any error committed by the trial court and more especially any error that prejudicially affected his substantial rights.

Affirmed.