No. 42,737

Lloyd M. Hicks, *Petitioner,* v. Tracy A. Hand, Warden, Kansas State Penitentiary, *Respondent.*

(368 P. 2d 47)

Opinion filed January 20, 1962.

*Lloyd M. Hicks,* petitioner, was on the brief *pro se.*

*Park McGee,* Assistant Attorney General, Topeka, argued the cause, and *William M. Ferguson,* Attorney General, Topeka, was with him on the brief for respondent.

The opinion of the court was delivered by

Fatzer, J.: This is an original proceeding in habeas corpus. Petitioner is confined in the Kansas State Penitentiary pursuant to sentences imposed by the district court of Linn County on April 13, 1961, in cases Nos. 11,723, 11,726 and 11,729, upon his plea of guilty to each of the offenses. Cases 11,723 and 11,729 charged the petitioner with the burglary of separate dwelling houses in the daytime and of grand larceny committed in connection with the burglaries. The informations did not allege the presence of a human being in either house, nor the statute under which the burglaries were charged. Case No. 11,726 charged the petitioner with grand larceny of personal property of another of the value in excess of $50.

The three cases were disposed of together. On April 3, 1961, the petitioner was present in court for arraignment, and the court, being informed by petitioner that he was not represented by counsel and had no means of employing counsel and desired that the court appoint counsel to represent him, appointed Mr. Harry C. Blaker, a qualified, experienced, and practicing member of the Bar of Linn County to appear for and represent him. The cases were continued until April 13, 1961, to give counsel adequate time to confer with petitioner.

On April 13, 1961, petitioner appeared in court in person and with his attorney. In reply to the court's inquiry whether he had opportunity to confer with counsel, petitioner replied in the affirmative. Thereafter petitioner was arraigned upon the charges contained in the informations and entered his plea of guilty to each offense alleged therein. The court accepted the pleas of guilty, and in cases 11,723 and 11,729 found the petitioner guilty of the crime of burglary in the second degree as defined in G. S. 1949, 21-516, and sentenced him on each of those offenses to a term of five to ten years. For conviction of each grand larceny committed in connection with the burglaries, petitioner was sentenced to a term not to exceed five years as provided by G. S. 1949, 21-524. In the grand larceny case (11,729), the petitioner was sentenced to a term of one to five years under G. S. 1959 Supp., 21-533, and G. S. 1949, 21-534. All of the sentences were ordered to run concurrently.

The petitioner contends that both sentences imposed for burglary in the second degree were excessive and void. He argues that since the informations in cases 11,723 and 11,729 alleged that the burglaries were committed in the daytime, the district court was only authorized to find him guilty of burglary in the third degree in violation of G. S. 1949, 21-521, and to sentence him to a term of not more than five years for each offense. We are not persuaded the contention is meritorious. The record discloses that three separate informations were filed in the district court alleging five separate felonies to which the petitioner, with the advice of counsel, entered pleas of guilty. The district court, having jurisdiction of the subject matter and of the petitioner, imposed five separate sentences all to be served concurrently commencing no earlier than April 13, 1961. Three of the sentences were for terms of one to five years—two for conviction of grand larceny committed in connection with the burglaries and one for conviction of grand larceny in case No. 11,726. The other two sentences were for terms of five to ten years for conviction of burglary in the second degree, and are the sentences the petitioner contends are void.

Assuming, *arguendo*, that we looked into the petitioner's claim of illegality concerning the sentences imposed for convictions of burglary in the second degree and found them to be excessive and therefore erroneous, he would not be entitled to his release from custody because it is apparent from the face of the record that he

has not served either the minimum or maximum of the three concurrent sentences for not exceeding five years, which he conceded to be regular and lawful. It has been held that where a petitioner is serving concurrent sentences, one of which is valid and unexpired at the time the petitioner seeks a writ of habeas corpus for his release from the custody, he is not entitled to discharge until the valid sentence has been served, or until he is otherwise discharged according to law. (*Roberson v. Hand*, 186 Kan. 781, 352 P. 2d 956.) See, also, *True v. Edmondson*, 179 Kan. 22, 23, 293 P. 2d 264; *May v. Hoffman*, 179 Kan. 149, 153, 293 P. 2d 265, and *Ramsey v. Hand*, 183 Kan. 307, 310, 327 P. 2d 1080.

In not deciding the petitioner's claim that the sentences imposed for burglaries in the second degree were excessive and erroneous, we do not mean to infer that there is merit in the contention. Anything the court might say on the subject at this time would be extrajudicial. However, as tending to bear upon the point see G. S. 1949, 21-516; *State v. Behee*, 17 Kan. 402, 406; *In re Paschal, Petitioner*, 56 Kan. 123, 124, 125, 42 Pac. 373, and *Loftis v. Amrine*, 152 Kan. 464, 466, 105 P. 2d 890.

The petitioner next contends he was denied the effective assistance of counsel. The record refutes the contention. Following the appointment of Mr. Blaker as petitioner's counsel, the district court postponed his arraignment for ten days to enable counsel and the petitioner to confer concerning the charges alleged against him. On April 13, 1961, the petitioner appeared in court with Mr. Blaker and in reply to the district court's inquiry whether he had adequate opportunity to confer with counsel, he answered in the affirmative, and voluntarily entered his plea of guilty to each offense as alleged in each information. It is obvious that no substantial rights of the petitioner were violated.

We have considered all of the arguments and the authorities cited by the petitioner and find nothing that would authorize or justify the issuance of the writ prayed for. It is therefore denied.