No. 42,751

ERNEST B. HICKS, *Petitioner,* v. TRACY A. HAND, Warden, Kansas State Penitentiary, *Respondent.*

(369 P. 2d 250)

Opinion filed March 3, 1962.

*Ernest B. Hicks,* petitioner, was on the brief *pro se.*

*Park McGee,* assistant attorney general, argued the cause, and *William M. Ferguson,* attorney general, was with him on the brief for the respondent.

The opinion of the court was delivered by

SCHROEDER, J.: This is an original habeas corpus action. The petitioner is confined in the Kansas State Penitentiary pursuant to sentences imposed by the Linn County district court on the 13th day of April, 1961, in cases numbered 11,724, 11,727 and 11,730, upon the petitioner's plea of guilty to each of the offenses.

Each of cases numbered 11,724 and 11,730 charged the petitioner with the burglary of a dwelling house in the daytime and of grand larceny committed in connection with the burglary. These informations did not allege the presence of a human being in either house, nor specify the statute under which the burglaries were charged, although the informations were drafted in accordance with the language of G. S. 1949, 21-516, defining burglary in the second degree. Case numbered 11,727 charged the petitioner with grand larceny of personal property of another of the value in excess of $50.

This case is closely related to *Hicks v. Hand* (No. 42,737), 189 Kan. 256, 368 P. 2d 47. Both of these petitioners attack the sentences imposed by the Linn County district court on the 13th day of April, 1961. Both of the petitioners on that date entered pleas of guilty to informations which were drafted in the same language. The only factual difference between the two situations presented is

that Ernest B. Hicks, the petitioner herein, was sentenced as an habitual criminal, while Lloyd M. Hicks was not. These criminal actions arose out of a series of crimes committed by these two petitioners and William L. Starks, who also has a petition for writ of habeas corpus pending in this court.

On the 3rd day of April, 1961, the petitioner was brought before the Linn County district court for arraignment on three informations which had been filed in that court. Being without counsel at that time the petitioner was not then arraigned. The court instead appointed Harry C. Blaker, a member of the Linn County Bar, to represent the petitioner as attorney in these cases. After the county attorney gave notice that the State intended to offer evidence of a prior felony conviction, and to seek a sentence in each of the three cases under G. S. 1949, 21-107a, the court continued these cases until the 13th day of April, 1961.

On the 13th day of April, 1961, the petitioner, being present and represented by Harry C. Blaker, was arraigned and entered a plea of guilty in each of the three cases.

The State then presented evidence of a prior felony conviction, and the sentences pronounced pursuant to 21-107a, *supra*, were twice the length prescribed by the statutes which the court found to have been violated. The petitioner was sentenced on each of the burglary charges to a term of ten to twenty years, upon a finding that these crimes were burglaries in the second degree in violation of 21-516, *supra*. In these two cases the petitioner was also sentenced to terms of not more than ten years for the grand larcenies, as provided by G. S. 1949, 21-524. In case numbered 11,727, the sentence was for a term of not more than ten years, as provided by G. S. 1959 Supp., 21-533, and G. S. 1949, 21-534. All sentences were ordered to run concurrently.

No appeals were taken from the foregoing convictions and sentences, and subsequent to the petitioner's confinement in the Kansas State Penitentiary he filed this original petition for a writ of habeas corpus.

Except for the sentencing of the petitioner as an habitual criminal, which we shall presently consider, the contentions advanced by the petitioner herein are identical with those advanced by Lloyd M. Hicks in *Hicks v. Hand*, supra. Without repeating these contentions the reader is referred to the opinion therein, where the court held:

"Assuming, *arguendo*, that we looked into the petitioners claim of illegality concerning the sentences imposed for convictions of burglary in the second

degree and found them to be excessive and therefore erroneous, he would not be entitled to his release from custody because it is apparent from the face of the record that he has not served either the minimum or maximum of the three concurrent sentences for not exceeding five years, which he conceded to be regular and lawful. It has been held that where a petitioner is serving concurrent sentences, one of which is valid and unexpired at the time the petitioner seeks a writ of habeas corpus for his release from the custody, he is not entitled to discharge until the valid sentence has been served, or until he is otherwise discharged according to law. (*Roberson v. Hand,* 186 Kan. 781, 352 P. 2d 956.) See, also, *True v. Edmondson,* 179 Kan. 22, 23, 293 P. 2d 264; *May v. Hoffman,* 179 Kan. 149, 153, 293 P. 2d 265, and *Ramsey v. Hand,* 183 Kan. 307, 310, 327 P. 2d 1080." (pp. 257, 258.)

The foregoing controls our decision herein.

The contention that the petitioner was denied the effective assistance of counsel is without merit. After the appointment of Mr. Blaker as petitioner's counsel, the district court postponed his arraignment for ten days to enable counsel and the petitioner to confer concerning the charges made against him. On April 13, 1961, the petitioner appeared in court with Mr. Blaker and in reply to the district court's inquiry, as to whether he had adequate opportunity to confer with counsel, he answered in the affirmative, and voluntarily entered his plea of guilty to each offense as alleged in each information.

The guarantee of effective assistance of counsel does not guarantee the most capable or learned counsel possible, but only a competent and reputable member of the bar. (*Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147; and *Trugillo v. Edmondson,* 176 Kan. 195, 270 P. 2d 219.) In any event the burden is cast upon the petitioner to show that his counsel was so incompetent and inadequate in representing him that the total effect was that of a complete absence of counsel. (*Miller v. Hudspeth,* supra; and *Converse v. Hand,* 185 Kan. 112, 340 P. 2d 874.) The petitioner has not sustained this burden.

In the petitioner's brief and in his amended brief claim is made that he has not been given notice that the state intended to request sentencing under 21-107a, *supra,* commonly known as the Habitual Criminal Act. Assuming that prior notice of the hearing (to determine whether the petitioner is subject to the provisions of the habitual criminal statute) was not given, he was present at the hearing with his attorney, and no contention is made that he did not have full opportunity to be heard on all matters under con-

sideration and to controvert the allegations that he had been convicted of a previous felony which would make him subject to the penalties of the habitual criminal statute. He did not raise the question by a motion for a new trial or take an appeal. Under these circumstances his right to notice has been waived. (*Browning v. Hand* [10th Cir., U. S. C. A., 1960], 284 F. 2d 346, and authorities cited therein.)

Furthermore, the journal entry in each of these three cases has been corrected *nunc pro tunc* and discloses that the transcript of the proceedings on April 3, 1961, shows that the petitioner was notified at that time of the State's intention to seek the greater sentence under 21-107a, *supra.*

By the petitioner's pleading denominated "Traverse to Answer and Return" it is alleged that he had been informed the State would not request sentencing under 21-107a, *supra.* The petitioner's statements concerning a bargain supposedly made with the county attorney are not corroborated. These statements, standing alone, do not overcome the presumption of regularity which is accorded a judgment regular on its face. The standard of proof necessary to justify the issuance of a writ of habeas corpus is not met by the uncorroborated and unsupported statements of a petitioner. (*Wilson v. Hand,* 181 Kan. 483, 311 P. 2d 1009, and authorities cited therein.)

Attacks upon the sufficiency of an information and the existence of a prior conviction are not matters which can be properly raised in a habeas corpus proceeding. (*Gray v. Hand,* 186 Kan. 668, 352 P. 2d 3; *Coppage v. Hand,* 185 Kan. 708, 347 P. 2d 400; and *Ramsey v. Hand,* 183 Kan. 307, 327 P. 2d 1080.)

We have considered all of the arguments and the authorities cited by the petitioner and find nothing that would authorize or justify the issuance of a writ.

The writ is denied.